**FIRST NATIONAL BANK IN McALLEN, Appellant,**

v.

**Elvia MARTINEZ De VILLAGOMEZ, Appellee.**

No. 13–00–282–CV.

Court of Appeals of Texas, Corpus Christi.

June 28, 2001.

Cindy A. Garcia, Garcia & Romero, L.L.P., Harlingen, Fred L. Shuchart, Mason, Coplan, Shuchart, Hutchins & Banks, P.c., Houston, Glenn D. Romero, McAllen, for Appellant.

Alonzo Garcia, McAllen, for Appellees.

Vincent L. Marable III, Wharton, Alejandro Moreno, Jr., Edinburg, Roberto A. Guerrero, Law Office of Roberto A. Guerrero, McAllen, for Interested Parties.

Before Justices HINOJOSA, YAÑEZ, and CASTILLO.

## OPINION

HINOJOSA, Justice.

Appellant, First National Bank in McAllen, appeals from a post-answer default judgment rendered by the trial court in

favor of appellee, Elvia Martinez de Villagomez.

## A. JURISDICTION

After perfecting this appeal, the Bank filed a "Motion to Determine Jurisdiction," asserting that this Court does not have jurisdiction to hear this appeal because the trial court's judgment is interlocutory and not final and appealable. We agree and dismiss for want of jurisdiction.

## B. BACKGROUND AND PROCEDURAL HISTORY

Appellee and another plaintiff, Claudia E. Gonzalez, filed suit against the Bank and two of its employees on December 31, 1998, for allegedly misapplying a certificate of deposit[1] owned by appellee to a debt owed to the Bank by Roberto Zuniga. Appellee and Gonzalez[2] asserted causes of action against the Bank for breach of contract, breach of the duty of good faith and fair dealing, fraud, constructive fraud, negligence, and intentional infliction of emotional distress. At a docket control conference held on March 3, 1999, the case was set for trial on August 9, 1999.

On April 22, 1999, the Bank filed a motion for leave to file a third-party action against Roberto Zuniga; the trial court granted the motion on May 12, 1999. On June 30, 1999, the Bank filed a motion to file a third-party action against Maria Zuniga and Roberto Zuniga, Jr., and the motion was granted that same day. On June 25, 1999, the Bank filed a motion for continuance, and the motion was granted on August 6, 1999.

On August 5, 1999, Roberto Zuniga filed an answer. He asserted he had filed for

bankruptcy and that a stay order was in effect. On August 16, 1999, Maria Zuniga answered and claimed to be under the protection of the U.S. Bankruptcy Court. On August 19, 1999, Roberto Zuniga, Jr. answered with a general denial. Roberto Zuniga, Jr. did not claim he was in bankruptcy.

Nothing else occurred in the case until November 8, 1999, when appellee's counsel appeared in court, without the Bank or its counsel, and obtained a post-answer default judgment. On November 9, 1999, the trial court entered a "Final Judgment" in favor of appellee for $4,224,310.00.[3] The judgment contained the standard "Mother Hubbard" clause,[4] but did not specifically dispose of Gonzalez's claims against the Bank or the Bank's third-party claims against the Zunigas. The trial court did not sever these causes of action.

The Bank did not receive notice of the default judgment until March 16, 2000. On March 20, 2000, the Bank filed a motion to set aside the default judgment and a motion for new trial. On April 5, 2000, the trial court set aside the default judgment and granted a new trial. Unsure of whether the order granting the new trial was valid, the Bank filed a notice of restricted appeal on May 5, 2000, to appeal the judgment, and later filed a motion to determine jurisdiction.

## C. APPLICABLE LAW

An appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001); *North East Indep. Sch. Dist. v. Aldridge,*

---

1. The certificate of deposit was in the amount of $21,000.00.

2. Gonzalez was the beneficiary named on the certificate of deposit.

3. The judgment included actual damages of $1,024,310.00, exemplary damages of $2,000,000.00, and attorney's fees of $1,200,000.00.

4. "All relief not expressly granted is denied."

400 S.W.2d 893, 895 (Tex.1966). A judgment is final if it disposes of all pending parties and claims in the record. *Lehmann*, 39 S.W.3d at 195; *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992); *see also Clark v. Pimienta*, 47 S.W.3d 485, 486, 2001 Tex.LEXIS 36, *1 (Tex.2001). The law does not require that a final judgment be in any particular form; therefore, whether a decree is a final judgment must be determined from its language and the record in the case. *Lehmann*, 39 S.W.3d at 195. A "Mother Hubbard" clause alone does not indicate that a judgment rendered without a conventional trial is final for purposes of appeal. *Guajardo v. Conwell*, 46 S.W.3d 862, 863–64, 2001 Tex.LEXIS 34, *4 (Tex. 2001); *Clark*, at 486, 2001 Tex.LEXIS at *1; *Lehmann*, 39 S.W.3d at 204. An order that adjudicates only the plaintiff's claims against the defendant does not adjudicate a third-party claim. *Lehmann*, 39 S.W.3d at 205. An order that disposes of claims by only one of multiple plaintiffs does not adjudicate claims by the other plaintiffs. *Bobbitt v. Stran*, 2001 WL 421228, *1, No. 00–0774, 2001 Tex.LEXIS 30, *1 (Tex. April 26, 2001); *Lehmann*, 39 S.W.3d at 205.

An order does not dispose of all claims and all parties merely because it is entitled "final." *Lehmann*, 39 S.W.3d at 205. Rather, there must be some other clear indication that the trial court intended the order to completely dispose of the entire case. *Id.* To determine whether an order actually disposes of all pending claims and parties, the appellate court may look to the record in the case. *Id.*

In the instant case, the "Final Judgment" does not dispose of Gonzalez's claims against the Bank, nor does it address the Bank's third-party claims against Roberto Zuniga, Jr. Therefore, we conclude the judgment is interlocutory, and not final and appealable.

Additionally, the record reflects that the trial judge granted the Bank's motion for new trial, filed more than four months after the judgment was signed, long after the trial court's plenary power over a final judgment would have elapsed had the November 9, 1999 judgment been final. *See* Tex.R.Civ.P. 329b(a), (e) (trial court's plenary power over case lasts for thirty days after judgment is signed, unless certain post-judgment pleadings are filed); Tex. R.Civ.P. 329b(f) (after trial court's plenary power has expired, judgment may be set aside only by bill of review). The granting of the motion for new trial is an indication that the trial court also considered the judgment to be interlocutory, and not final and appealable.

For all these reasons, we hold the November 9, 1999 default judgment is interlocutory, and not final and appealable. We grant the Bank's motion, and dismiss this appeal for want of jurisdiction.