NUMBER 13-00-781-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG








CELESTINA ADAME, INDIVIDUALLY

AND AS NEXT FRIEND OF ERICA

ADAME, A MINOR, ET AL.
, Appellants,

 

v.



LAW OFFICES OF ALLISON & HUERTA,

A TEXAS GENERAL PARTNERSHIP,

DOUGLAS A. ALLISON, STEVE T. HASTINGS,

ALBERTO R. HUERTA AND JEANETTE CANTU-BAZAR, Appellees.






On appeal from the 94th District Court


of Nueces County, Texas.






MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Castillo


Opinion by Justice Castillo



 Celestina Adame, individually and as next friend of Erica Adame, a minor, and
others, appellants, appeal a series of summary judgment orders in favor of the Law
Offices of Allison & Huerta, a Texas General Partnership; Douglas A. Allison; Steve T.
Hastings; Alberto R. Huerta; and Jeanette Cantu-Bazar, appellees. We dismiss for
want of jurisdiction. 

I. JURISDICTION


 Our initial inquiry is always whether we have jurisdiction over an appeal. Tex.
Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993); Garcia v.
Comm'rs Court of Cameron County, 101 S.W.3d 778, 779 (Tex. App.-Corpus Christi
2003, no pet. h.). We are obligated to determine, sua sponte, our own jurisdiction. 
N.Y. Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678 (Tex. 1990) (per
curiam); Garcia, 101 S.W.3d at 779. Jurisdiction of a court is never presumed. 
Garcia, 101 S.W.3d at 783. Our jurisdiction is established exclusively by
constitutional and statutory enactments. See, e.g., Tex. Const. art. V, § 6; Tex.
Gov't Code Ann. § 22.220 (Vernon 1988). Unless one of the sources of our authority
specifically authorizes an interlocutory appeal, we only have jurisdiction over an appeal
taken from a final judgment. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195
(Tex. 2001); Garcia, 101 S.W.3d at 784. Absent an express grant of authority, we
do not have jurisdiction to review an interlocutory order. Steeple Oil & Gas Corp. v.
Amend, 394 S.W.2d 789, 790 (Tex. 1965) (per curiam); see Tex. Civ. Prac. & Rem.
Code Ann. § 51.014 (Vernon Supp. 2003). If the record does not affirmatively
demonstrate our jurisdiction, we must dismiss the appeal. Garcia, 101 S.W.3d
at 786. 

II. THE SUMMARY JUDGMENT ORDERS


A. The Order from which Appellants Appeal


 On December 6, 2000, the trial court signed an "Omnibus Order Regarding
Hearing of December 6, 2000" (the "Omnibus Order") that recited:

 Because the Court finds that its disposition of the aforesaid Motions
disposes of each and every cause of action of each and every Plaintiff
herein, is of [sic] the opinion of the Court that it is appropriate for the
Court to enter one Omnibus Order, granting to Defendants summary
judgment against all Plaintiffs herein on each and every cause of action
asserted against Defendants by Plaintiffs. 


 IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that
summary judgment in favor of Defendants and against Plaintiffs on all
causes of action asserted by Plaintiffs herein is GRANTED. 


 On December 28, 2000, plaintiffs filed a notice of appeal. On January 2, 2001,
plaintiffs filed a motion for new trial, which the trial court denied on January 3, 2001.

B. The Modifying Order


 On January 8, 2001, the trial court signed an "Order on Defendants' Motion for
Summary Judgment as to Twenty-One Plaintiffs" (the "January 8 Order") that recited:

 It is, therefor [sic] ORDERED, ADJUDGED AND DECREED that
Defendants Motion for Summary Judgment as to Twenty-One Plaintiffs
with respect to Christina Baltierra As Next Friend of Jose Pablo Baltierra,
Jr., is with respect to Plaintiff's claims of negligent and fraudulent
misrepresentation, GRANTED; and with respect to Plaintiff's claims for
deceptive trade practice violations, GRANTED. 

III. DISCUSSION


A. The Finality Rule 


 A judgment is not final unless it disposes of all pending parties and claims in the
record. Guajardo v. Conwell, 46 S.W.3d 862, 863-64 (Tex. 2001) (per curiam);
Garcia, 101 S.W.3d at 784. Notwithstanding the straightforward formulation of this
rule, Texas appellate courts have struggled in determining the finality of judgments.
See, e.g., Lehmann, 39 S.W.3d at 195-203 (surveying Texas cases on the subject
dating from 1849 through the twentieth century). In Lehmann, the supreme court
addressed this problem by forging a dynamic rule of inquiry that looks at both the
language of the court's decree and the record of the case in determining whether a
judgment is final. See id. at 195, 205-06. Specifically, the Lehmann court held that
"an order or judgment is not final for purposes of appeal unless it actually disposes of
every pending claim and party or unless it clearly and unequivocally states that it
finally disposes of all claims and parties." Id. at 205. Further, the supreme court also
stated in Lehmann that "[b]ecause the law does not require that a final judgment be
in any particular form, whether a judicial decree is a final judgment must be determined
from its language and the record in the case." Id. at 195. 

 We conclude that Lehmann requires that we first look to the language of a
summary judgment order to determine its finality. Id. at 205. If the language of the
order "clearly and unequivocally" indicates finality on its face, it is final and appealable. 
Id. If the order does not "clearly and unequivocally" indicate finality on its face, we
then determine if the order actually disposes of every pending claim and party. Id. In
determining if the order disposes of every pending claim and party, we look to the
record and examine the pleadings of the parties and the summary judgment
proceedings to determine the claims and parties involved in the suit as well as the
claims and parties raised by summary judgment motion. Id. at 205-06. 

 If every pending claim and party has been disposed of by the time the trial court
signs a summary judgment order, despite the fact that the order does not "clearly and
unequivocally" indicate finality on its face, it is final and appealable. Id. at 204. On
the other hand, if the order does not dispose of every pending claim and party but is
"clearly and unequivocally" final on its face, it "is not interlocutory merely because the
record does not afford a legal basis for the adjudication." Id. at 206. "In those
circumstances, the order must be appealed and reversed." Id. Similarly, "[g]ranting
more relief than the movant is entitled to makes the order reversible, but not
interlocutory." Id. at 204. 

 If, however, the order is not "clearly and unequivocally" final on its face and
"the record reveals the existence of claims or parties not mentioned in the order, the
order is not final." Id. at 206. "The record may help illumine whether an order is
made final by its own language, so that an order that all parties appear to have treated
as final may be final despite some vagueness in the order itself, while an order that
some party should not reasonably have regarded as final may not be final despite
language that might indicate otherwise." Id.; see First Nat'l Bank v. Villagomez,
54 S.W.3d 345, 348 (Tex. App.-Corpus Christi, pet. denied) (dismissing for want of
jurisdiction appeal from summary judgment order entitled "Final Judgment" where
claims remained unaddressed and trial court treated order as interlocutory in signing
order granting motion for new trial more than thirty days later). 

B. The Record


 The trial court signed the January 8 Order after appellants appealed the Omnibus
Order. Procedurally, therefore, after the case was appealed, the trial court modified
the Omnibus Order with the January 8 Order. In these circumstances, rule 27.3
provides:

 After an order or judgment in a civil case has been appealed, if the trial
court modifies the order or judgment, or if the trial court vacates the
order or judgment and replaces it with another appealable order or
judgment, the appellate court must treat the appeal as from the
subsequent order or judgment and may treat actions relating to the
appeal of the first order or judgment as relating to the appeal of the
subsequent order or judgment. The subsequent order or judgment and
actions relating to it may be included in the original or supplemental
record. Any party may nonetheless appeal from the subsequent order or
judgment. 


Tex. R. App. P. 27.3 (emphasis added). Accordingly, we treat this appeal as from the
January 8 Order, as we must. Id. Lehmann demands, therefore, that we first examine
the January 8 Order for finality. 

1. The January 8 Order


 In Lehmann, the supreme court stated that "[a] statement like, 'This judgment
finally disposes of all parties and all claims and is appealable', would leave no doubt
about the court's intention." Id. The January 8 Order contains no such indication of
the trial court's intent. Further, by its own terms the January 8 Order addresses a
summary judgment motion filed by the defendants "as to Twenty-One Plaintiffs" but
disposes of only one plaintiff's causes of action. Accordingly, we find that the
January 8 Order does not "clearly and unequivocally" indicate on its face that it was
final. See id. at 205. Therefore, we turn to the record to determine if every pending
claim and party had been addressed by the trial court at the time it signed the
January 8 Order. See id. 

2. The Pleadings


 We have examined the parties listed and the claims asserted in Plaintiffs' Sixth
Amended Original Petition filed May 9, 2000, which was plaintiffs' live pleading at the
time the trial court signed the January 8 Order. Included as parties in the Sixth
Amended Petition are plaintiffs Jeannette Castillo (originally by next friend), Maria L.
Contreras (originally by next friend), and Jesse Hernandez, Jr. (1) Further, pleading in the
alternative, on page 16 of the Sixth Amended Petition, plaintiffs alleged:

 that Defendants acted maliciously and negligently in failing to advise
Plaintiffs that Defendants were not acting as their counsel in making
statements of fact to Plaintiffs concerning settlement, if Defendants, in
fact, were not counsel to Plaintiffs at such time. 

Although not separately labeled as a cause of action, this allegation asserted a tort
cause of action distinct from the other claims brought by the plaintiffs in the Sixth
Amended Petition, which were claims under the Texas Deceptive Trade Practices -
Consumer Protection Act (the "DTPA") and for negligence, negligence per se, negligent
misrepresentation, fraudulent misrepresentation, and breach of fiduciary duty. (2) See
Parker v. Carnahan, 772 S.W.2d 151, 157 (Tex. App.-Texarkana 1989, writ denied). 
Carnahan established the affirmative tort duty in Texas owed by an attorney to inform
a person of the attorney's non-representation in a matter if the attorney knew or
should have known that circumstances would have led a reasonable person to believe
that the attorney was providing the representation. Id. 

 Moreover, under a separate cause of action entitled "Independent Law Firm
Negligence" on page 29 of the Sixth Amended Petition, plaintiffs alleged that:

 Additionally, the Law Firm Defendant, acting by and through all of its
other members, negligently failed to supervise the Lawyer Defendants
and their agents, servants and employees contacting Plaintiffs, and/or
adequately prepare a system that would have independently warned
Plaintiffs about the impropriety and wrongful conduct of the Lawyer
Defendants and their agents, servants and employees contacting
Plaintiffs, and/or any member of the firm doing what the Lawyer
Defendants and their agents, servants and employees contacting
Plaintiffs did to Plaintiffs. Thus, independent of the conduct of the
Lawyer Defendants and their agents, servants and employees contacting
Plaintiffs, the Law Firm Defendant was negligent, and grossly negligent,
to the same extent as the individual Defendants and for the same
reasons. 

This allegation asserted a negligence cause of action against the Law Offices of
Allison & Huerta distinct from the Carnahan tort asserted by the plaintiffs against the
individual attorneys as well as distinct from the plaintiffs' claims under the DTPA and
for negligence, negligence per se, negligent misrepresentation, fraudulent
misrepresentation, and breach of fiduciary duty. See Cook v. Brundidge, Fountain,
Elliott & Churchill, 533 S.W.2d 751, 757 (Tex. 1976) (discussing "compelling and
unique considerations with respect to partners engaged in the practice of law" and
finding that "[t]he fiducial obligations of a law partnership set it apart from commercial
partnerships"). 

3. The Motions for Summary Judgment


 We also have reviewed the parties and claims addressed by the motions for
partial summary judgment listed in and considered by the Omnibus Order (a total of
twenty-four motions, including "Defendants' Motion for Summary Judgment as to
Twenty-One Plaintiffs" also addressed by the January 8 Order) as well as all
supplements and amendments to those motions. The defendants did not move for
summary judgment on the claims brought by plaintiffs Jeannette Castillo, Maria L.
Contreras, and Jesse Hernandez, Jr. under the DTPA, for fraudulent misrepresentation,
and for negligent misrepresentation. Further, the defendants did not move for
summary judgment on either the Carnahan or law-firm supervisory negligence claims
alleged by all of the plaintiffs. Similarly, none of these claims were raised by the
"Defendants' Motion for Summary Judgment as to Twenty-One Plaintiffs" addressed
by both the Omnibus Order and the January 8 Order. 

 We also have reviewed the entire thirty-six volume clerk's record. The trial
court did not nonsuit, sever, strike, or dismiss the DTPA, fraudulent misrepresentation,
or negligent misrepresentation claims of plaintiffs Jeannette Castillo, Maria L.
Contreras, or Jesse Hernandez, Jr. Nor did the trial court nonsuit, sever, strike, or
dismiss either the Carnahan or law-firm supervisory negligence claims alleged by all of
the plaintiffs. 

4. The Omnibus Order


 The Omnibus Order recited the trial court's intent to grant summary judgment
to the defendants on all claims by all plaintiffs. However, the trial court's intent was
derived from its finding that "its disposition of the aforesaid motions disposes of each
and every cause of action of each and every Plaintiff herein." In addition to the
absence of a clear and unequivocal indication of finality in the January 8 Order, we
find that the record reflects claims and parties that remained unaddressed after the
Omnibus Order and even after the January 8 Order. We find that the trial court's
expression of intent in the Omnibus Order to dispose of all claims by all plaintiffs
against all defendants is undermined by the January 8 Order as well as by the rest of
the record, which reflects that parties and claims remained unaddressed after the
January 8 Order. 

C. Conclusion


 With our analysis illumined by the record as a whole, we find that the clear and
unequivocal indication of finality demanded by Lehmann is not present. See
id. at 192; see also Villagomez, 54 S.W.3d at 348. We hold that the record does not
affirmatively show the finality necessary to confer jurisdiction in this Court over this
appeal. See Garcia, 101 S.W.3d at 784. 

IV. DISPOSITION


 In Lehmann, the supreme court stated that if an appellate court is uncertain
about the intent of a summary judgment order, it may abate the appeal to permit
clarification by the trial court. Lehmann, 39 S.W.3d at 196; see Iacono v. Lyons,
6 S.W.3d 715, 716 (Tex. App.-Houston [1st Dist.] 1999, no pet.) (per curiam)
(abating for clarification). Also, the supreme court has remanded summary judgment
cases to the court of appeals for determination of whether to dismiss the appeal for
want of jurisdiction or abate for clarification of the trial court's intent. See, e.g.,
McNally v. Guevara, 52 S.W.3d 195, 196 (Tex. 2001). In determining whether to
abate or dismiss, we note that we must not affirm or reverse a judgment or dismiss
an appeal for formal defects or irregularities in appellate procedure without allowing
a reasonable time to correct or amend the defects or irregularities. Tex. R. App.
P. 44.3. We also are prohibited from affirming or reversing a judgment or dismissing
an appeal if the trial court's erroneous action or inaction prevents the proper
presentation of an appeal and can be corrected by the trial court. Tex. R. App.
P. 44.4(a). Further, rule 27.2 provides that "[t]he appellate court may allow an
appealed order that is not final to be modified so as to be made final and may allow
the modified order and all proceedings relating to it to be included in a supplemental
record." Tex. R. App. P. 27.2. 

 Abatement pursuant to rule 27.2 occurred in Lyons. Lyons, 6 S.W.3d at 716. 
In that case, the trial court signed a partial take-nothing summary judgment, and the
next day the plaintiff nonsuited the other defendant. Id. The trial court did not enter
an order of nonsuit. Id. The court of appeals noted that ordinarily, no order of nonsuit
is required because a party is entitled to nonsuit on filing. Id. However, the court
went on to hold that when a nonsuit is filed after a partial summary judgment has been
signed, the judgment is not final on its face and does not become final until the trial
court either signs an order of nonsuit or a final judgment explicitly memorializing the
nonsuit. Id. Because the trial court's action in signing an order or final judgment was
ministerial, the appellate court abated the appeal and remanded to the trial court to
cure the jurisdictional defect, which if not accomplished would result in dismissal for
lack of jurisdiction. Id. 

 Here, however, we find that determination of the issues associated with
finalizing a judgment in this case requires more than the disposition of perfunctory
issues that can be procedurally cured by the trial court entering a clarifying or similar
order. See Garcia, 101 S.W.3d at 786; see also Villagomez, 54 S.W.3d at 348. We
do not construe rules 27.2, 44.3, or 44.4(a) as conferring authority on an appellate
court to abate an appeal while there are significant issues yet to be decided by the trial
court. See Garcia, 101 S.W.3d at 786. We have no authority to abate. See id. 

 Accordingly, we hold there is no final, appealable judgment before this Court
over which we have jurisdiction, nor can we merely abate the appeal until a final order
is before us. See id.; see also Villagomez, 54 S.W.3d at 348. This Court is without
power to review the orders granting summary judgment. The record does not
affirmatively demonstrate our jurisdiction. See Garcia, 101 S.W.3d at 786. The
appeal must be, and hereby is, dismissed for want of jurisdiction. 


 

 ERRLINDA CASTILLO

 Justice


Opinion delivered and filed

this 21st day of August, 2003. 

1. We note that each is named as an appellant in this appeal. 
2. We note that breach of contract, breach of fiduciary duty, and other professional liability 
claims may be subsumed in a legal malpractice claim and may not necessarily constitute separate causes
of action. Compare Deutsch v. Hoover, Bax, & Slovacek, L.L.P., 97 S.W.3d 179, 189 (Tex.
App.-Houston [14th Dist.] 2002, no pet.) and Haas v. George, 71 S.W.3d 904, 910 (Tex.
App.--Texarkana 2002, no pet.) with Estate of Degley v. Vega, 797 S.W.2d 299, 302-03 (Tex.
App.--Corpus Christi 1990, no writ) and Sledge v. Alsup, 759 S.W.2d 1, 2-3 (Tex. App.--Corpus
Christi 1988, no writ).