v99267.dp1







 



 

COURT OF APPEALS


 

THIRTEENTH DISTRICT OF TEXAS




CORPUS CHRISTI - EDINBURG


____________________________________________________________________



NUMBER 13-01-823-CV




RENE CORREA, ADMINISTRATOR OF

THE ESTATE OF ARTHUR J. SHWERY,

DECEASED, ET AL., Appellants,



SOUTH TEXAS WILDHORSE DESERT

INVESTMENTS, INC., Appellee.



On appeal from the County Court at Law No. 1 


of Hidalgo County, Texas.

 ____________________________________________________________________



NUMBER 13-03-460-CV



IN THE ESTATE OF ARTHUR J. SHWERY, DECEASED



On appeal from the Probate Court

of Hidalgo County, Texas.

_________________________________________________________________________________



MEMORANDUM OPINION 




Before Justices Hinojosa, Yañez, and Castillo


Opinion Per Curiam




 In appellate cause number 13-01-823-CV, styled Rene Correa, Administrator of the Estate of Arthur J. Shwery, Deceased,
et al. v. South Texas Wildhorse Desert Investments, Inc., appellants Rene Correa, administrator of the estate of Arthur J.
Shwery, deceased; Michael Hodge; Daniel Hodge; John Hodge; James Hodge; Christopher Hodge; Anthony Hodge; and
Renee Waisner, appealed a summary judgment granted in favor of appellee, South Texas Wildhorse Desert Investments,
Inc., in a probate proceeding in trial court cause number 14,679-A. On September 4, 2003, after the record and briefs were
filed, appellants Michael Hodge, Daniel Hodge, John Hodge, James Hodge, Christopher Hodge, Anthony Hodge and Renee
Waisner, filed a motion to dismiss the appeal pursuant to Texas Rule of Appellate Procedure 42.1(2). See Tex. R. App. P.
42.1(2). (1)

 In a related appeal, appellate cause number 13-03-460-CV, styled In the Estate of Arthur J. Shwery, Deceased, appellants
Michael Hodge, Daniel Hodge, John Hodge, James Hodge, Christopher Hodge, Anthony Hodge and Renee Waisner,
perfected an appeal from a judgment entered by the probate court in trial court cause number 14,679-A. On September 4,
2003, after the record was filed, appellants filed a motion to dismiss their appeal.

 The Court, having considered the documents on file and appellants' motions to dismiss their appeals, is of the opinion that
both motions should be granted. Appellants' motions to dismiss in cause numbers 13-01-823-CV and 13-03-460-CV are
granted.

 The appeals in both of these cases are DISMISSED.

 

 Per Curiam



Concurring opinion by Judge 

Errlinda Castillo 



Opinion delivered and filed 

this the 27th day of October, 2003.


 * * * * * * * * * * * * * * * * * * * 













NUMBER 13-01-823-CV




COURT OF APPEALS




THIRTEENTH DISTRICT OF TEXAS




CORPUS CHRISTI - EDINBURG







RENE CORREA , ADMINISTRATOR OF THE

ESTATE OF ARTHUR J. SHWERY, DECEASED, ET AL., Appellants,



v.




SOUTH TEXAS WILDHORSE DESERT

INVESTMENTS, INC. , Appellee.






NUMBER 13-03-460-CV

 

IN THE ESTATE OF ARTHUR J. SHWERY, DECEASED







On appeal from the Probate Court

 of Hidalgo County, Texas.







CONCURRING MEMORANDUM OPINION 

TO PER CURIAM MEMORANDUM OPINION




Before Justices Hinojosa, Yañez, and Castillo


Opinion by Justice Castillo




 I concur in dismissal of these related appeals but disagree with the reason for dismissing cause number 13-01-823-CV. I
would dismiss the appeal for lack of jurisdiction and deny all pending motions as moot. 

 

I. PROCEDURAL HISTORY


 In cause number 13-01-823-CV, Rene Correa ("Correa"), Administrator of the Estate of Arthur J. Shwery, deceased (the
"Estate"), and Michael Hodge, Daniel Hodge, John Hodge, James Hodge, Christopher Hodge, Anthony Hodge, and Renee
Waisner (the "Heirs"), appellants, challenge the trial court's summary judgment in a probate court proceeding in favor of
South Texas Wildhorse Desert Investments, Inc., appellee ("Wildhorse"). Claimants to the Estate have litigated in federal
and state court for years. See Tex. Commerce Bank v. Correa, 28 S.W.3d 723 (Tex. App.-Corpus Christi 2000, pet.
denied). The parties are familiar with the facts and procedural history of the case, and so only the details necessary to
explain my concurrence and the basic reasons for it are recited. See Tex. R. App. P. 47.4. 

 On October 21, 1996, Ramon Garcia ("Garcia") and Wildhorse filed an application for partition and partial distribution in
trial court cause number 14,679-A, styled "In re Estate of Arthur J. Shwery, Deceased," a probate proceeding. On
May 12, 2000, the Heirs counterclaimed against Garcia and Wildhorse for tortious interference with contract and tortious
interference with inheritance. On May 25, 2000, Garcia filed an answer to the Heirs' counterclaims, seeking sanctions and
attorney fees. The Heirs filed an amended counterclaim on June 19, 2000, again seeking damages for tortious interference
with contract and tortious interference with inheritance from Garcia and Wildhorse. On September 8, 2000, Garcia and
Wildhorse filed a fourth amended pleading seeking damages from Correa, individually and as administrator of the Estate. 
Among other relief, Garcia and Wildhorse sought an order compelling Correa to execute a deed from the Estate for title to
an undivided 3/17th interest in real property located at Dove and 10th Streets in McAllen, Hidalgo County, Texas (the
"undivided 3/17th interest"). 

 Wildhorse filed a motion for summary judgment and various supplemental motions. Garcia did not join in the motion. 
After initially denying the motion, the trial court reconsidered and signed an "Order Granting Summary Judgment" on
August 31, 2001 (the "Order"). The Estate and the Heirs appealed, which this Court docketed as cause number
13-01-823-CV (the "First Appeal"). 

 We abated the First Appeal when Wildhorse filed bankruptcy. The parties notified us that the bankruptcy court issued an
abstention order on May 22, 2002 to permit our Court to decide the First Appeal. On July 3, 2002, Wildhorse filed a
motion for referral to alternative dispute resolution. On July 25, 2002, we reinstated the appeal and ordered referral to
mediation. Also on July 25, 2002, Wildhorse filed a motion for sanctions and a motion to dismiss the First Appeal for want
of prosecution.We denied the motions on October 31, 2002.

 In addition, on April 15, 2003, this Court denied a petition for writ of injunction and temporary relief in cause number
13-03-210-CV, styled In re: Rene Correa, Administrator of the Estate of Arthur J. Shwery, Deceased, et al. In that
original proceeding, the Estate and the Heirs asked this Court to enjoin Wildhorse from attempting to obtain any orders
directing or allowing the sale of real property that was the subject of the First Appeal. We concluded that we lacked
jurisdiction to issue the requested injunction and denied the request. 

 On July 13, 2003, Wildhorse filed a motion to dismiss the First Appeal for want of jurisdiction. Included within a
supplemental clerk's record and attached to Wildhorse's second motion to dismiss the First Appeal were two more orders in
trial court cause number 14,679-A, styled "In re Estate of Arthur J. Shwery, Deceased." Entered after the trial court signed
the Order that is the subject of the First Appeal, the two orders were: (1) "Order to Remove Administrator (Failure to Make
a Final Settlement within Three Years)" signed April 29, 2003; and (2) "Order Closing Estate" signed June 17, 2003. 

 On July 18, 2003, the Heirs filed a separate notice of appeal from the "Order Closing Estate." We docketed that appeal as
cause number13-03-460-CV, styled "In re Estate of Arthur J. Shwery, Deceased" (the "Second Appeal"). The Estate is not
a party to the Second Appeal. 

 In support of its July 13, 2003 motion to dismiss the First Appeal, Wildhorse argued: (1) on removal as administrator of
the Estate, Correa lost any standing to pursue an appeal; (2) with the closing of the Estate, subject-matter jurisdiction was
lacking over the Heirs' claims; and (3) the Heirs had no standing to complain of the assignments by which Wildhorse
acquired the undivided 3/17th interest. Thus, Wildhorse urged, dismissal for want of subject-matter jurisdiction was
required. 

 On July 29, 2003, the Heirs replied to Wildhorse's July 13, 2003 motion to dismiss that the Estate, not Correa personally,
and the Heirs were proper parties to the First Appeal. The Estate did not join in the reply. However, the Heirs argued that
Correa's removal as administrator did not defeat the Estate's standing to challenge the Order. Further, the Heirs maintained,
they did not appeal from the portion of the Order that granted a take-nothing judgment in Wildhorse's favor on the Heirs'
counterclaims against Wildhorse. The Heirs pointed out that their counterclaims against Garcia remained pending after the
trial court signed the Order. Finally, the Heirs maintained that their respective interests in the Estate gave them standing to
complain of the assignments by which Wildhorse acquired the undivided 3/17th interest. 

 On September 4, 2003, the Heirs filed a motion to dismiss the First Appeal, citing rule 42.1, which governs dismissals by
agreement of the parties. See Tex. R. App. P. 42.1(a)(2). The Heirs' September 4, 2003 motion is the motion granted by
the majority in dismissing the First Appeal. However, the Estate did not join in the motion. Nor did the motion reflect
Wildhorse or its counsel's signed agreement as required by rule 42.1(a)(2). See id. 

 Also on September 4, 2003, Wildhorse filed a supplemental motion to dismiss the First Appeal for want of subject-matter
jurisdiction. In the September 4, 2003 motion to dismiss, Wildhorse asserted, among other reasons why the First Appeal is
moot, that: (1) Correa had not opposed its motion to dismiss him as a party to the First Appeal; and (2) after entry of the
Order that is the subject of the First Appeal, the bankruptcy court resolved adverse to the Heirs the tort claims asserted by
the Heirs against Garcia and Wildhorse. 

II. VOLUNTARY DISMISSAL


A. The Second Appeal


 Based on the Heirs' motion for voluntary dismissal filed in the Second Appeal on September 4, 2003, I agree with the
majority's dismissal of the Second Appeal. See Tex. R. App. P. 42.1(a)(1). The Heirs are the only appellants in the Second
Appeal and may voluntarily dismiss their appeal at any time. See id. 

B. The First Appeal


 Unlike the Second Appeal, the First Appeal was brought both by the Heirs and by Correa in his capacity as administrator
of the Estate. Correa did not appeal in his personal capacity as a defendant in the tort claims against him individually. See
Elizondo v. Tex. Natural Res. Conservation Comm'n, 974 S.W.2d 928, 931 (Tex. App.-Austin 1998, no pet.) (quoting
McGinnis v. McGinnis, 267 S.W.2d 432, 435 (Tex. Civ. App.-San Antonio 1954, no writ) ("William L. McGinnis, the
individual, is not the same party as William L. McGinnis, the next friend of Janie Barr's estate and person.")). Rather,
Correa appealed in his representative capacity on behalf of the Estate. No one has suggested that Correa, as administrator
of the Estate, lacked authority to bring the First Appeal on behalf of the Estate at the time it was filed. I would conclude,
despite Correa's removal as administrator after the First Appeal commenced, that the Estate is still a party to the First
Appeal. However, it did not join in the Heirs' motion to dismiss the First Appeal. (1) Therefore, I disagree that dismissal of
the First Appeal on the basis of the Heirs' motion for voluntary dismissal is proper.

 Nonetheless, even if the Estate had joined in the Heirs' motion to dismiss the First Appeal, I would not grant the motion for
voluntary dismissal. Rather, I would follow this Court's precedent and dismiss for lack of jurisdiction. See Parks v. Dewitt
County Elec. Coop., 112 S.W.3d 157, 162; see also Garcia v. Comm'rs Court of Cameron County, 101 S.W.3d 778, 779;
First Nat'l Bank v. Villagomez, 54 S.W.3d 345, 348 (Tex. App.-Corpus Christi 2001, pet. denied). 

 

III. JURISDICTION


 As the litigation progressed in the trial court and culminated in the Second Appeal, the procedural posture of the First
Appeal became clear: the Order that is the subject of the First Appeal was interlocutory and not a final, appealable order. 

A. Finality


 Our initial inquiry is always whether we have jurisdiction over an appeal. Garcia, 101 S.W.3d at 779 (citing Tex. Ass'n of
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993)). We are obligated to determine, sua sponte, our own
jurisdiction. Garcia, 101 S.W.3d at 779 (citing N.Y. Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678 (Tex. 1990)
(per curiam)). Jurisdiction of a court is never presumed. Garcia, 101 S.W.3d at 783. Our jurisdiction is established
exclusively by constitutional and statutory enactments. Garcia, 101 S.W.3d at 784. Unless one of the sources of our
authority specifically authorizes an interlocutory appeal, we only have jurisdiction over an appeal taken from a final
judgment. Id. Absent an express grant of authority, we do not have jurisdiction to review an interlocutory order. Id. If the
record does not affirmatively demonstrate our jurisdiction, we must dismiss the appeal. Id. 

B. Finality Analysis


 "[A]n order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or
unless it clearly and unequivocally states that it finally disposes of all claims and parties." Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 205 (Tex. 2001). The supreme court also stated in Lehmann that "[b]ecause the law does not require that a
final judgment be in any particular form, whether a judicial decree is a final judgment must be determined from its
language and the record in the case." Id. at 195; see Garcia, 101 S.W.3d at 784. Accordingly, we first look to the language
of a summary-judgment order to determine its finality. See Lehmann, 39 S.W.3d at 205. If the language of the order
"clearly and unequivocally" indicates finality on its face, it is final and appealable. Id. If the order does not "clearly and
unequivocally" indicate finality on its face, we determine if the order actually disposes of every pending claim and party. 
Id. In analyzing whether the order disposes of every pending claim and party, we look to the record and examine the
pleadings of the parties and the summary-judgment proceedings to determine the claims and parties involved in the suit as
well as the claims and parties raised by the summary-judgment motion. Id. at 205-06. If the order is not "clearly and
unequivocally" final on its face and "the record reveals the existence of claims or parties not mentioned in the order, the
order is not final." Id. at 206. 

1. The Record


a. The Order Granting Summary Judgment


 I first would examine the Order for finality. See id. at 205. The Order, in its entirety, reads as follows: 

ORDER GRANTING SUMMARY JUDGMENT




 On the 31st day of August, 2001, came on to be heard SOUTH TEXAS WILDHORSE DESERT INVESTMENTS,
INC.'S motion to Reconsider No Evidence Motion for Summary Judgment. The court having considered SOUTH
TEXAS WILDHORSE DESERT INVESTMENTS, INC.'S No Evidence Motion for Summary Judgment, Second
Supplemental Motion for Summary Judgment, Third Supplemental Motion for Summary Judgment, Responses thereto,
arguments, and other matters, finds that the prior order of the court should be reconsidered and the Motion [sic] Summary
Judgment should be GRANTED. 



 IT IS THEREFORE ORDERED that SOUTH TEXAS WILDHORSE DESERT INVESTMENTS, INC. is the legal
and equitable owner of an undivided 3/17ths interest in the ESTATE OF ARTHUR J. SHWERY and including an
undivided 3/17 interest in the real estate described as



 All of Lot Fifteen (15), Section Twelve (12), Hidalgo Canal Company Subdivision, Hidalgo County, Texas, according to
the map records in Volume "Q", Page 177, Deed Records in the offices of the County Clerk of Hidalgo County, Texas. 

 save and except a 0.33 acre tract of land previously conveyed by deed dated April 6, 1928 from M.W. Barrett to San
Antonio and Aransas Pass Railroad Company as shown by instrument dated April 6, 1928, recorded in Volume 276, Page
151, Deed Records of Hidalgo County, Texas; and



 save and except all oil and gas and other minerals in, under or that may be produced from the above-described property. 

 

 IT IS FURTHER ORDERED that SOUTH TEXAS WILDHORSE DESERT INVESTMENTS, INC. should be
awarded a take nothing judgment on all counterclaims by MICHAEL HODGE, CHRISTOPHER HODGE, JAMES
HODGE, ANTHONY HODGE, DANIEL HODGE, JOHN HODGE AND RENEE WAISNER. This order contains
all relief granted. 



 SIGNED FOR ENTRY on this 31st day of August, 2001. 

 In Lehmann, the supreme court stated that "[a] statement like, 'This judgment finally disposes of all parties and all claims
and is appealable', would leave no doubt about the court's intention." Id. at 206. The Order contains no such statement,
either directly or indirectly, of the trial court's intent. See Dewitt County Elec. Coop., 112 S.W.3d at 162. I would find that
the Order does not "clearly and unequivocally" indicate on its face that it was final. See id. at 161. I would turn to the
record to determine if every pending claim and party had been addressed by the trial court at the time it signed the Order. 
See id. 

b. The Pleadings and Summary-Judgment Proceedings


 The record confirms the Heirs' concession that they asserted counterclaims against Garcia that remained pending after the
trial court signed the Order. Further, Garcia's last live pleading asserted a claim for sanctions and attorney fees. 
Finally,Garcia and Wildhorse both asserted tort claims against Correa personally as well as in his capacity as administrator
of the Estate. The record does not show that the trial court nonsuited, struck, or dismissed any party's claims. No
severance order appears in the record. Nor does the Order itself purport to address any party's claims other than those
expressly referenced. In fact, the Order affirmatively recites that it "contains all relief granted." I would find that the
record reveals unaddressed claims and parties. See Garcia, 101 S.W.3d at 784-85. 

c. The Subsequent Orders


 In addition, the trial court subsequently treated the Order as interlocutory when, more than thirty days later, it signed an
order removing Correa as administrator and a final order closing the Estate. I also note that the trial court did not assign a
separate cause number to any portion of the probate proceeding. Thus, our docket ultimately reflected two direct appeals
from the same trial court cause number: (1) the First Appeal from the Order Granting Summary Judgment; and (2) the
Second Appeal from the later Order Closing Estate. 

 Viewing the record as a whole, I would find that the clear and unequivocal indication of finality demanded by Lehmann is
not present. See Dewitt County Elec. Coop., 112 S.W.3d at 164 (dismissing for lack of jurisdiction where attorney fee
claim remained unaddressed after summary judgment order was signed); see also Garcia, 101 S.W.3d at 785 (dismissing
for lack of jurisdiction where parties and claims remained unaddressed after summary judgment order was signed);
Villagomez, 54 S.W.3d at 348 (dismissing for lack of jurisdiction where claims remained unaddressed and trial court
treated order as interlocutory in signing, more than thirty days later, order granting motion for new trial). I would hold that
the record does not affirmatively show the finality necessary to confer jurisdiction in this Court over the First Appeal. See
Dewitt County Elec. Coop., 112 S.W.3d at 162. 

2. Conclusion


 When we abated the First Appeal, a federal bankruptcy court found, "sua sponte, that abstention [was] appropriate in the
interest of comity with the State Courts [and] in respect for State Law." (2) On September 10, 2003, Wildhorse filed a
motion to expedite issuance of mandate in the First Appeal. In the motion to expedite, Wildhorse asserts that "the subject
matter of this appeal is being litigated in the bankruptcy court and the federal court on appeal" and that "[i]t would enhance
the efficiency of that litigation if this Court were to grant the unopposed motions to dismiss and issue mandate." I would
conclude we have no power to review the Order Granting Summary Judgment in the First Appeal. Accordingly, I would
dismiss the appeal for lack of jurisdiction. Because I conclude we have no jurisdiction, I would deny as moot the pending
motions to dismiss and motion to expedite issuance of mandate. See Coinmach, Inc. v. Aspenwood Apt. Corp.,
98 S.W.3d 377, 382 (Tex. App.-Houston [1st Dist.] 2003, no pet.). 







 ERRLINDA CASTILLO

 Justice





Concurring Memorandum Opinion delivered

and filed this the 27th day of October, 2003.

1. The records before us suggest that the Heirs are not the only claimants or the only heirs to the Estate. 

2. "Sua Sponte Order of Abstention" dated May 22, 2002 in Case No. 01-23901-M-11, styled "South Texas Wildhorse
Desert Investments, Inc., Debtor," Adversary No. 01-2138-M, styled "Texas Commerce Bank - Rio Grande Valley, N.A. v.
Rene Correa, et al.," in the United States Bankruptcy Court for the Southern District of Texas, McAllen Division, by The
Honorable Richard A. Schmidt. 










 

1. On April 29, 2003, subsequent to the appeal of the summary judgment in cause number 13-01-823-CV, the Honorable
Homero Garza, presiding judge of the Probate Court of Hidalgo County, Texas, issued an order removing Rene Correa as
administrator of the estate of Arthur J. Shwery. No successor was appointed. Accordingly, Correa is no longer a party to
the appeal.