NUMBER 13-03-466-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS
 
CORPUS CHRISTI - EDINBURG
___________________________________________________________________

CONSUELO T. RAMIREZ, ARMIDA 
GONZALEZ AND PEDRO BENAVIDEZ,                                Appellants,

v.

SPRINGER FINANCIAL GROUP, INC.,                                    Appellee.
___________________________________________________________________

On appeal from the 105th District Court
of Kleberg County, Texas.
__________________________________________________________________
               
MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza 
Memorandum Opinion by Justice Rodriguez

         This attempted appeal is taken from a summary judgment granted in favor of
appellee, Springer Financial Group, Inc., against appellants, Consuelo T. Ramirez,
temporary administratrix for the estate of Roberto Juarez, deceased, and Armida S.
Gonzalez and Pedro Benavidez, sureties of the administratrix bond. We dismiss for
want of jurisdiction.
I. Background
         As this is a memorandum opinion and because all issues of law presented by
this case are well settled and the parties are familiar with the facts, we will not recite
the law and the facts here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. Procedural History
A. Pleadings Below
         Springer sued Ramirez for liability under the administratrix bond based on
Ramirez's alleged failure to publish notice to creditors as required by Texas Probate
Code sections 294 and 295. See Tex. Prob. Code Ann. §§ 294, 295 (Vernon 2004). 
It sued the sureties for knowingly presenting allegedly fraudulent documents in
violation of section 12.001 et seq. of the Texas Civil Practices and Remedies Code. 
See Tex. Civ. Prac. & Rem. Code Ann. § 12.001 et seq. (Vernon 2002 & Supp. 2004-2005). Springer sought damages under the notes against all appellants and damages
on the bond and for attorney's fees and violations under the statute against Gonzalez
and Pedro Benavidez.
         Ramirez subsequently filed a declaratory judgment third-party action against
Ruben Benavidez, executor of the estate of his mother, Esperanza Juarez, asking the
court to determine issues related to the conveyance of assets out of her estate.


 In
the third-party action, Ramirez acknowledged the Roberto Juarez Estate's indebtedness
to Springer. She also acknowledged that the assets of the Estates of Roberto Juarez,
deceased, and Esperanza Juarez, deceased, including a home on Miller Street in
Kingsville, Texas, and a car business known as Kingsville Motors, were transferred
prior to paying that indebtedness. Ramirez asserted that both deeds transferring the
assets are voidable and should be cancelled by the trial court. She prayed for such
declaration and that the trial court order Ruben Benavidez to convey his interest to the
assets, including the home and car business, back to his mother's estate. Additionally,
Ramirez asked that the trial court order the sale of the real property and car business
to pay Springer's claim as well as all other estate and community indebtedness before
the assets are distributed to the beneficiaries of her estate. Finally, she prayed for
court costs and attorney's fees.
         Springer filed a partial summary judgment which the trial court granted as
against Ramirez, Pedro Benavidez and Gonzalez.


 This appeal is taken from that
judgment.
B. Defect Letter
         On March 24, 2005, this Court sent notification to all parties informing them
that "[u]pon further review of the record . . . it appears that the judgment in this cause
is not final as to all parties, specifically, as to Ruben Benavidez and all claims brought
against him by Consuelo Ramirez." We advised the parties that notice was given so
that steps could be taken to correct the defect, and if not corrected within ten days
of receipt of the letter, this appeal would be dismissed. In an April 7, 2005 letter
response, counsel for Consuelo Ramirez stated that "the Trial Court did not rule on
Consuelo T. Ramirez'[s] claim against Ruben Benavidez; therefore, this claim was not
appealed." Ramirez's counsel maintained that the trial court's order declaring the deed
conveying the Miller Street property void as a fraudulent conveyance remedied the
defect. We disagree.
III. AnalysisOn May 8, 2003, the trial court ordered that Springer have judgment against
Ramirez, Pedro Benavidez, and Gonzalez, jointly and severally, for principal and interest
due under the notes at issue in this case and for reasonable attorney's fees incurred
in the collection of the notes. It also ordered judgment against the sureties for
violation of section 12.001 et seq. of the Texas Civil Practice and Remedies Code, to
include a minimum mandatory award and minimum attorney and investigator fees. See
Tex. Civ. Prac. & Rem. Code Ann. § 12.001 et seq. (Vernon 2002 & Supp. 2004-2005). In addition, the trial court ordered that the administratrix deed conveying the
Miller Street property out of the estate of Roberto Juarez to Esperanza Juarez be
declared void as a fraudulent conveyance, and that Springer foreclose the statutory
liens against the real property designated by the sureties of the administratrix bond. 
The judgment did not, however, dispose of all third-party claims filed by Ramirez
against Ruben Benavidez.
         Other than addressing Springer's claims against Ramirez, Pedro Benavidez, and
Gonzalez, the judgment from which this appeal is taken acknowledged that, at the
hearing on Springer's motion for partial summary judgment, "[t]hird[-]party, Ruben
Benavidez, did not enter an appearance." The trial court also entered the following
findings regarding Ruben Benavidez:
1.THE COURT FINDS that [t]hird[-]party defendant, Ruben
Benavidez, was executor of the estate of Esperanza Juarez, in cause
number 5105, in the [C]ounty Court of Kleberg County, Texas; and
 
2.THE COURT FINDS that [t]hird[-]party defendant, Ruben
Benavidez, as executor, deeded the real property located at 513. [sic] E.
Miller, Kingsville, TX 78363, to himself, plus all inventory and accounts
in Kingsville Motors.

The trial court, however, entered no explicit order as to Ruben Benavidez except for
the order voiding the conveyance of the Miller Street property by the administratrix
deed to his mother that affects the transfer of the Miller Street property to Ruben from
his mother's estate. There are no orders addressing the car business or Ramirez's
claim for attorney's fees and court costs.
          Under Lehmann v. Har-Con Corp., 39 S.W.3d 191, 200 (Tex. 2001), a
judgment that grants more relief than a party is entitled to is erroneous and subject to
reversal, but it is not, for that reason alone, interlocutory. Id. However, an order that
adjudicates only the plaintiff's claims against the defendant does not adjudicate third-party claims. Id. at 205. Thus, third-party claims must be expressly adjudicated, and
a court may not find an order to be a final judgment by finding the third-party claims
were implicitly adjudicated. See id. Furthermore, an order does not dispose of all
claims and all parties merely because it provides that all relief not expressly granted
is denied. See id. at 205; First Nat'l Bank in McAllen v. De Villagomez, 54 S.W.3d
345, 348 (Tex. App.–Corpus Christi 2001, pet. denied).
         Because the May 8 judgment in this case was not entered after a conventional
trial on the merits, there is no presumption that the order is a final judgment. 
Lehmann, 39 S.W.3d at 198. Although the judgment disposed of Springer's claims
against Ramirez, Pedro Benavidez and Gonzalez, it did not expressly adjudicate
Ramirez's declaratory judgment third-party claims against Ruben Benavidez. Therefore,
we conclude the judgment is interlocutory.
IV. Conclusion
         We hold the May 8, 2003 judgment is interlocutory and not final and appealable. 
Accordingly, we dismiss this appeal for want of jurisdiction. See Parks v. Dewitt
County Elec. Coop. 112 S.W.3d 157, 163-64 (Tex. App.–Corpus Christi 2004, no
pet.) (issues involved would be substantive for trial court to decide rather than
ministerial act of clarification).
                                                                                                                              
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Memorandum Opinion delivered and 
filed this 5th day of May, 2005.