**In re Leticia SALAS, Relator.**

No. 08–06–00307–CV.

Court of Appeals of Texas,
El Paso.

May 17, 2007.

John P. Mobbs, Attorney At Law, El Paso, for Relator.

Mary Anne Bramblett, Respondent, pro se.

Steven L. Hughes, Mounce, Green, Myers, Safi & Galatzan, El Paso, for real Party In Interest.

Before CHEW, C.J., CARR, J., and BARAJAS, C.J. (Ret.).*

## OPINION

KENNETH R. CARR, Justice.

Relator Leticia Salas seeks a writ of mandamus directing Respondent the Honorable Mary Anne Bramblett of the 41st District Court of El Paso County, Texas to vacate an order denying Relator's motion for interpretation and to exercise jurisdiction over her case. For the reasons that follow, we deny mandamus relief.

## FACTUAL AND PROCEDURAL BACKGROUND

The original suit in this case was the result of an automobile accident involving Irma Marie Lopez, Hector Escobar, and Relator. Relator was insured against damage caused by an uninsured driver by the Real Party in Interest, State Farm Mutual Automobile Insurance Company (the Real Party in Interest will be referred to as "State Farm"). Lopez was similarly insured by USAA County Mutual Insurance Company ("USAA"). Relator and Lopez filed a single suit against State Farm, USAA, and Escobar on January 29, 2004.[1] Relator and Lopez were represented by the same attorney in the proceedings before the Respondent.

---

* BARAJAS, C.J. (Ret.), sitting by assignment

1. Lopez non-suited Escobar on July 12, 2004. Although the record is unclear as to the status of Relator's claim against Escobar at that time, he is not a party to this action.

In July 2004, Lopez settled her claim against USAA. Several months later, USAA's attorney prepared a motion to dismiss and a proposed order of dismissal. Lopez and Relator's attorney reviewed and signed both documents before they were presented to Respondent. The motion stated, in its entirety:

Come now the Plaintiffs and would show the Court that all matters in controversy between the parties have been settled and compromised and that the above case should be dismissed.

WHEREFORE, premises considered, the Plaintiffs pray the Court to enter an Order dismissing the above styled and numbered cause.

On November 22, 2004, Respondent granted the motion to dismiss, in an order which was filed in the district clerk's office on November 30, 2004. The dismissal order stated:

On this the 22nd day of Nov[.] 2004, came on to be heard and considered the Motion of the Plaintiffs to dismiss the *above styled and numbered cause,* and it appearing to the Court that *all matters in controversy have been settled* and that the *above case* should be dismissed.

IT IS THEREFORE THE ORDER, JUDGMENT AND DECREE of the Court that the *above styled and numbered cause* be and it is hereby dismissed with prejudice, with each party to pay its own court costs.

(All emphases supplied).

On June 7, 2006, Relator filed a "Motion for Interpretation of Dismissal Order" in the trial court. She asserted that the dismissal order did not dispose of her claim against State Farm. She argued that she had not settled with State Farm, that the order did not specifically reference her claim against State Farm, and that neither the motion nor the order was signed by State Farm's attorney. Respondent entered an order ruling on the motion on September 28, 2006. The order stated, in pertinent part:

The Court, having reviewed the papers on file, finds that: 1) this case was previously dismissed with prejudice; and 2) that the Court has lost plenary power and jurisdiction over the matter.

IT IS THEREFORE ORDERED that Plaintiff's "Motion to Interpret Dismissal Order" be and the same is hereby overruled and denied for want of jurisdiction.

Relator requests that this Court issue a writ of mandamus directing Respondent to vacate the September 28, 2006, order and exercise jurisdiction over her cause of action against State Farm.[2]

## DISCUSSION

In Texas, to be entitled to a writ of mandamus, the relator must establish that the trial court's ruling was a clear abuse of discretion and that there is no other adequate remedy at law. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992); *In re Seigel,* 198 S.W.3d 21, 26 (Tex.App.-El Paso 2006, orig. proceeding). A clear abuse of discretion warranting mandamus relief occurs when a court issues a decision which is without basis or reference to guiding principles of law. *Seigel,* 198 S.W.3d at 26 (citing *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985) (orig. proceeding)). With respect to resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court. *Walker,* 827 S.W.2d at 839–40.

**2.** Relator filed this proceeding in conjunction with a regular appeal styled *Leticia Salas v. State Farm Mutual Automobile Insurance* *Company,* Cause No. 08–06–00256–CV. In a contemporaneous opinion, the Court is dismissing the appeal for lack of jurisdiction.

The relator must therefore establish that the trial court could reasonably have reached only one decision. *Id.*

■ With respect to a trial court's determination of the legal principles controlling its ruling, the standard is much less deferential. *Id.* at 840. A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in appellate reversal by extraordinary writ. *Id.*

■ An appellate court will deny mandamus relief if another remedy, usually appeal, is available and adequate. *In re Metro ROI, Inc.*, 203 S.W.3d 400, 403 (Tex. App.-El Paso 2006, orig. proceeding) (citing *Street v. Second Court of Appeals*, 715 S.W.2d 638, 639–40 (Tex.1986) (orig.proceeding)).

■ Relator contends that Respondent erred in her September 2006 ruling, when she determined that her plenary power over the case had ended. Whether a court has jurisdiction over a particular case is a question of law. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998). A trial court's plenary power over a case, absent certain exceptions not relevant here, ends thirty days after the judgment is signed.[3] Tex.R.App. P. 26.1.

■ The question in this case is whether the November 22, 2004, dismissal order was a final and appealable judgment. A judgment or order is final for purposes of appeal if it disposes of all parties and all issues in the record, so that no further action is required by the trial court, except as necessary to carry out the appeal. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001); *Dick Poe Motors, Inc. v. DaimlerChrysler Corp.*, 169 S.W.3d 507, 510 (Tex.App.-El Paso 2005, no pet.). Absent a conventional trial on the merits, a judgment is final, "if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Dick Poe Motors,* 169 S.W.3d at 510 (quoting *Lehmann,* 39 S.W.3d at 192–93).

■ The law does not require that a final judgment be in any particular form. *Id.* The language of an order or judgment can make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties. *Id.* In other words, if the intent to finally dispose of the case is clear, "then the order is final and appealable, even though the record does not provide an adequate basis for rendition of judgment." *Id.* (quoting *Lehmann,* 39 S.W.3d at 200). In a case where the record as a whole does not afford a legal basis for final adjudication, the order must be appealed and reversed. *Lehmann,* 39 S.W.3d at 206; *Fresh Coat, Inc. v. Life Forms, Inc.*, 125 S.W.3d 765, 768 (Tex.App.-Houston [1st Dist.] 2003, no pet.). Whether a decree is a final judgment or order must be determined from its language and the record in the case. *Dick Poe Motors,* 169 S.W.3d at 510 (citing *Lehmann,* 39 S.W.3d at 195).

■ The text of the dismissal order herein indicates the court's intent that it be final and appealable. Relator's claim against State Farm was included in the same petition, case style, and cause number as Lopez's claim against USAA. There is no evidence in the record to show that the Respondent had any knowledge that the settlement agreement was limited to Lopez and USAA at the time the parties filed for dismissal. The record does show that the language of the motion to dismiss, as approved by Relator's attorney, indicat-

---

**3.** Salas did not file any post-judgment motion(s) with the trial court which would have extended the deadline for her to perfect her appeal. *See* Tex.R.App. P. 26.1(a).

ed that "the parties," not just Lopez and USAA, had settled "all matters in controversy." The language of the order mirrors that of the motion to dismiss. The Respondent dismissed, not a single claim or specific parties, but the entire "above styled and numbered cause," noting that "all matters in controversy" had been settled. This language is clear evidence of the Respondent's intention that the dismissal order be final[4] under the *Lehmann* standard.[5]

Assuming arguendo that the Respondent's intentions were uncertain, based on the language above, the Texas Supreme Court has also afforded us the option to abate the appeal to permit the trial court to clarify the order or judgment. *See Lehmann*, 39 S.W.3d at 206 (citing Tex.R.App. P. 27.2). There is no need to do so in this case, as the Respondent further clarified her intent for the dismissal order to be final and appealable in her September 2006 order. The order stated "1) this case was previously dismissed with prejudice; and 2) ... the Court has lost plenary power and jurisdiction over the matter." Therefore, in addition to the language of the order itself, the record indicates that the Respondent clearly and unequivocally expressed her intent to dispose of all parties and claims in the dismissal order.

Relator argues that the record does not provide a basis for the finality of the dismissal order, because her attorney did not intend to seek dismissal of her case against State Farm. She also argues it was not USAA's intention to seek the dismissal of Relator's claim in the preparation and signing of the motion and order of dismissal. While the *parties* may not have intended to dispose of Relator's claim, the *Lehmann* standard instructs the reviewing court to focus on the intent of the *trial court* in determining the finality of an order. *See Lehmann*, 39 S.W.3d at 206 ("But if the language of the order is clear and unequivocal, it must be given effect

4. There is evidence that Relator herself actually interpreted the dismissal order as disposing of her claim against State Farm. Following the dismissal order, she filed an entirely new lawsuit against State Farm. Only after State Farm moved for summary judgment in the second suit contending Salas's claim was barred by claim preclusion due to the finality of the dismissal order did Salas file her motion for interpretation of the original dismissal order.

5. Relator cites three post-*Lehmann* cases in support of her petition: *Guajardo v. Conwell*, 46 S.W.3d 862 (Tex.2001); *First Nat'l Bank v. Martinez De Villagomez*, 54 S.W.3d 345 (Tex. App.-Corpus Christi 2001, pet. denied); and *Flores v. Sandoval*, No. 01–02–01197–CV, 2004 WL 966328 (Tex.App.-Houston [1st Dist.] May 6, 2004, no pet.) (mem.op.). All three cases are distinguishable from the dismissal order in this case. The judgments in all three cases relied heavily on the familiar, but no longer effective, "Mother Hubbard" clause ("all relief not expressly granted herein is denied") as evidence of finality. *See Conwell*, 46 S.W.3d at 863–64; *Martinez De Villa-*

*gomez*, 54 S.W.3d at 347–48; *Sandoval*, 2004 WL 966328, at *1–2. The dismissal order in this case did not contain a traditional "Mother Hubbard" clause. The cases cited are also distinguishable because of the procedural posture of the parties. *Conwell* was an appeal from a summary judgment which the Supreme Court determined was interlocutory, because an intervenor's claim for attorney's fees was not disposed of by the summary judgment order. *Conwell*, 46 S.W.3d at 864. *Martinez De Villagomez* was an appeal from a default judgment which the appellate court determined was interlocutory, because it was not a final adjudication of the third-party defendant's claims against the defendant in the case. *Martinez De Villagomez*, 54 S.W.3d at 348. In *Sandoval*, the appellate court determined that an agreed judgment order was interlocutory, because the language indicated finality only as to the parties to the settlement, which did not include an intervening party's claim for attorney's fees. *Sandoval*, 2004 WL 966328, at *2. In Relator's case, there were no intervenors or third-party defendants whose claims were not disposed of by the dismissal order.

despite any other indications that one or more parties did not intend for the judgment to be final."). In addition, an order expressly disposing of the entire case is not made interlocutory "merely because the record fails to show an adequate motion or other legal basis for the disposition." *Id.* Therefore, even if we were to assume that the basis for the dismissal was inadequate, because the parties did not intend for the Respondent to dismiss the Relator's claim, it would not change the finality of the order under *Lehmann.*

Because we conclude that the dismissal order was a final judgment under *Lehmann,* the Respondent did not abuse her discretion by determining that her plenary power over the case ended before Relator's motion to interpret was filed. *See* Tex.R.App. P. 26.1. Mandamus relief will not lie without a clear abuse of discretion. *Seigel,* 198 S.W.3d at 26. Therefore, we deny Relator's petition for writ of mandamus.