Opinion issued December 31, 2003







            











In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00730-CV
____________
 
FRESH COAT, INC., Appellant
 
V.
 
LIFE FORMS, INC., Appellee
 

 
 
On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 1998-25256-D
 

 
 
O P I N I O N
          Appellant, Fresh Coat, Inc. (Fresh Coat), challenges the trial court’s rendition
of summary judgment in favor of appellee, Life Forms, Inc. (Life Forms). Prior to the
submission of briefing on the merits by either party, Life Forms filed a motion with
this Court seeking to dismiss this appeal for want of jurisdiction. In its motion to
dismiss, Life Forms contends that Fresh Coat failed to timely appeal from the trial
court’s final judgment and that, as a result, this Court lacks jurisdiction over this
appeal.
          We dismiss the appeal for want of jurisdiction.
Procedural Background
          Fresh Coat and Life Forms were originally parties to a class-action lawsuit
pending in the trial court below.


 The plaintiffs in that lawsuit asserted causes of
action for alleged defects in the design of residential and commercial exterior
insulation finish systems. Life Forms, a home builder, contracted with Fresh Coat to
have Fresh Coat construct and apply such finish systems on Life Forms’s homes. 
After it was made a party to the class-action lawsuit, Life Forms asserted claims for
indemnity against Fresh Coat.
          On October 30, 2002, the trial court signed an agreed order severing Life
Forms’s claims against Fresh Coat into the cause on appeal.


 As part of its severance
order, the trial court instructed the parties as follows: “Life Forms and Freshcoat [sic]
agree that their claims can be decided on the papers with Life Forms filing its motion
on or before 12/2/02 and Freshcoat [sic] filing its response on or before 12/12/02.”
          In the severed cause, Life Forms subsequently filed its “Second Amended
Fourth Party Petition” alleging claims against Fresh Coat for (1) common-law
indemnity; (2) contractual indemnity, based on the provisions of the parties’ contract;
and (3) statutory indemnity, based on Life Forms’s alleged status as an “innocent
retailer.”


 Life Forms then filed a motion for summary judgment arguing that, as a
matter of law, under the provisions of the parties’ contract, (1) Fresh Coat was
obligated to defend and indemnify Life Forms from the claims against it in the class-action lawsuit, (2) Fresh Coat’s obligation to indemnify Life Forms was triggered by
the claims brought against it in that lawsuit, and (3) Fresh Coat was obligated to
reimburse Life Forms for its attorney’s fees and costs incurred, and settlements paid,
as a result of that lawsuit. As exhibits to its motion for summary judgment, Life
Forms attached affidavits and other records documenting its claim for attorney’s fees,
costs, and settlements totaling $186,819.43 paid as a result of the claims brought
against Life Forms in the class-action lawsuit and incurred in pursuit of its indemnity
claims against Fresh Coat. In its motion for summary judgment, Life Forms did not
seek summary judgment on its common-law and statutory indemnity claims. Fresh
Coat filed a response to the motion for summary judgment and disputed Life Forms’s
contractual indemnity claims.
          On March 7, 2003, the trial court signed a “Final Judgment” which reads as
follows:
The Court has considered and decided to grant Life Forms
Incorporated’s Motion for Summary Judgment. [L]ife Forms
Incorporated’s Motion for Summary Judgment is granted.
It is ADJUDGED that Life Forms, Incorporated have and recover
judgment against Fresh[ ]Coat, Inc. for $186,819.43, together with all
costs of court and interest on this judgment at the rate of ten percent
(10%) per annum from the date of judgment until paid. This is a final
judgment disposing of all parties and all issues. All relief not expressly
granted is denied.

          In June 2003, Fresh Coat filed a “Motion for Entry of Appealable Judgment”
in which it argued that, because the trial court’s March 7, 2003 judgment did not
dispose of all pending claims, it was not a final, appealable judgment. In its motion,
Fresh Coat requested that the trial court sign a judgment that “clearly and
unequivocally” disposed of the entire case. Following a hearing, the trial court
denied the motion, for want of jurisdiction, on July 7, 2003. The following day, Fresh
Coat filed its notice of appeal from the trial court’s March 7, 2003 judgment.
Finality of the Judgment
          In its motion to dismiss this appeal, Life Forms argues that the trial court’s
March 7, 2003 judgment was a final and appealable judgment because it clearly and
unequivocally disposed of all parties and claims pending in the trial court. 
Additionally, Life Forms argues that, to the extent the trial court’s judgment granted
more relief than Life Forms was entitled to receive, the judgment was arguably
erroneous, but final and appealable nonetheless.
          It is well-established that, in general, an appeal may be taken only from a final
judgment; that is, a judgment that disposes of all pending parties and claims. 
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). The intent to finally
dispose of the case must be unequivocally expressed in the words of the judgment
itself. Id. at 200. If that intent is clearly expressed in the judgment, then the order is
final and appealable, even though the record does not provide an adequate basis for
rendition of judgment. Id. In Lehmann, the court conceded that, to determine
whether an order disposes of all pending claims and parties, an appellate court may
also look to the record from the court below. Id. at 205-06.
          The judgment at issue here, entitled “Final Judgment,” contains a “Mother
Hubbard” clause, e.g., “All relief not expressly granted is denied.” See id. at 203. 
The Texas Supreme Court has held that the inclusion of such language, standing
alone, does not indicate finality in a judgment rendered, as here, without a
conventional trial on the merits. Id. at 203-04.
          The judgment also clearly states that it “is a final judgment disposing of all
parties and all issues.” Fresh Coat argues that this language is not an unequivocal
statement of finality, and in support of its argument relies on the Texas Supreme
Court’s suggestion in Lehmann that, to avoid any doubt as to the finality of its
judgment, a trial court could include a statement such as, “‘This judgment finally
disposes of all parties and all claims and is appealable.’” Id. at 206 (emphasis
added).
          Here, however, the fact that the trial court did not expressly state that its
judgment was “appealable” does not render the court’s intent ambiguous. The issue
presented to the trial court by Life Forms’s motion for summary judgment was
whether Fresh Coat was contractually obligated to indemnify Life Forms for the
attorney’s fees, costs, and settlements incurred and paid by Life Forms as a result of
the class-action lawsuit. In its judgment, the trial court awarded, to the penny, the
amount of damages which Life Forms claimed it was entitled to recover from Fresh
Coat, and the trial court could not have granted any more relief to Life Forms than it
did. This judgment clearly and finally disposed of all parties and all pending claims
because Life Forms could recover no more than the amount awarded in the judgment,
which was everything it sought.
          Moreover, the Texas Supreme Court has suggested that, in a case in which we
are uncertain about the trial court’s intent in signing a judgment, we may abate the
appeal to permit clarification by the trial court. Id. (citing Tex. R. App. P. 27.2). We
need not do so in this case because, at the hearing on Fresh Coat’s “Motion for Entry
of Appealable Judgment,” the trial court stated as follows: “I believe it was a final
judgment. You are asking me about my belief. My belief was it was a final
judgment.” Additionally, the trial court denied Fresh Coat’s motion “for lack of trial
court jurisdiction.” Thus, the record indicates that the trial court clearly and
unequivocally expressed its intent to dispose of all parties and pending claims in its
March 7, 2003 judgment.
          Finally, as the Texas Supreme Court has noted, “An express adjudication of all
parties and claims in a case is not interlocutory merely because the record does not
afford a legal basis for the adjudication. In those circumstances, the order must be
appealed and reversed.” Id. If Fresh Coat had any question as to the finality of the
trial court’s judgment, it could have either requested that the trial court clarify its
judgment while the court retained plenary power or perfected a timely appeal from
the judgment. It did neither.
          Based on the language of the trial court’s March 7, 2003 judgment and the
record presented, we hold that, as of the date it was signed, the judgment was a final
and appealable judgment disposing of all parties and pending claims. Accordingly,
because Fresh Coat did not file its notice of appeal within 30 days of the date the
judgment was signed, and did not seek an extension of its appellate deadlines, it has
not timely perfected its appeal in this cause and has not properly invoked this Court’s
appellate jurisdiction. See Tex. R. App. P. 26.1.



 Conclusion
          We grant Life Forms’s motion and dismiss the appeal for want of jurisdiction.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Chief Justice Radack and Justices Jennings and Higley.