TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-05-00133-CV




Laura Dow, Appellant

v.

Michael Dow, Appellee





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. FM002635, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N


                        The trial court signed a final judgment of divorce between Laura Dow and Michael
Dow on December 4, 2003. Laura Dow


 tendered a “Notice of Appeal” to the Travis County District
Clerk’s office on August 11, 2004, and a “Motion for Appeal Writ of Errors” on February 15, 2005.


 
She complains that she did not receive notice of the final judgment in the case.
                        If a party affected by a judgment or other appealable order has not, within 20 days
after the judgment or order was signed, received notice of the judgment or acquired actual
knowledge of its signing, then a time period that runs from the signing of the judgment will begin
for that party on the earlier of the date when the party receives notice or acquires actual knowledge
of the signing. However, the period may not begin more than ninety days after the judgment or order
was signed. Tex. R. App. P. 4.2; Tex. R. Civ. P. 306a(4). In this case far more than ninety days have
elapsed from the signing of the judgment. Accordingly, Rules 4.2 and 306a(4) do not apply to
extend the time periods. We do not have jurisdiction when the notice of appeal is filed untimely. 
See Tex. R. App. 25.1(b); see, e.g., Fresh Coat, Inc. v. Life Forms, Inc., 125 S.W.3d 765, 767 (Tex.
App.—Houston [1st Dist.] 2003, no pet.); see also Tex. R. App. P. 2 (may not alter time for
perfecting appeal in civil case).
                        Appellant filed what appears to be an attempt to file a restricted appeal. See Tex. R.
App. P. 30 (formerly appeal by writ of error). Notice of a restricted appeal must be filed within six
months after the judgment is signed. Id. Her attempt to perfect a restricted appeal was untimely and
does not confer jurisdiction on this court. The procedure to extend timetables due to lack of notice
does not apply to restricted appeals. Tex. R. App. P. 4.2(a)(2).
                        Appellant is not without recourse, however. A bill of review may be filed in the trial
court to attempt to set aside the judgment. See Tex. R. App. P. 329b(f); Cannon v. ICO Tubular
Servs., Inc., 905 S.W.2d 380, 384 (Tex. App.—Houston [1st Dist.] 1995, no writ) (bill of review is
equitable action brought by party to former action seeking to set aside judgment that is not
appealable or subject to motion for new trial).



                        Appellant has filed no timely perfecting instrument. Accordingly, we dismiss the
appeal for want of jurisdiction. See Tex. R. App. P. 42.3(b).
 
 
                                                                                                                                                            
                                                                        W. Kenneth Law, Chief Justice
Before Chief Justice Law, Justices B. A. Smith and Puryear

Dismissed for Want of Jurisdiction

Filed: March 31, 2005