# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00133-CV

**Laura Dow, Appellant**

**v.**

**Michael Dow, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. FM002635, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The trial court signed a final judgment of divorce between Laura Dow and Michael Dow on December 4, 2003. Laura Dow[1] tendered a "Notice of Appeal" to the Travis County District Clerk's office on August 11, 2004, and a "Motion for Appeal Writ of Errors" on February 15, 2005.[2] She complains that she did not receive notice of the final judgment in the case.

If a party affected by a judgment or other appealable order has not, within 20 days after the judgment or order was signed, received notice of the judgment or acquired actual knowledge of its signing, then a time period that runs from the signing of the judgment will begin

---

[1] Laura Dow proceeds pro se on appeal. It appears she was represented at some point in the proceedings below.

[2] These documents were forwarded to the Court by the Travis County District Clerk's office; the appeal was docketed March 16, 2005.

for that party on the earlier of the date when the party receives notice or acquires actual knowledge of the signing. However, the period may not begin more than ninety days after the judgment or order was signed. Tex. R. App. P. 4.2; Tex. R. Civ. P. 306a(4). In this case far more than ninety days have elapsed from the signing of the judgment. Accordingly, Rules 4.2 and 306a(4) do not apply to extend the time periods. We do not have jurisdiction when the notice of appeal is filed untimely. *See* Tex. R. App. 25.1(b); *see, e.g.*, *Fresh Coat, Inc. v. Life Forms, Inc.*, 125 S.W.3d 765, 767 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *see also* Tex. R. App. P. 2 (may not alter time for perfecting appeal in civil case).

Appellant filed what appears to be an attempt to file a restricted appeal. *See* Tex. R. App. P. 30 (formerly appeal by writ of error). Notice of a restricted appeal must be filed within six months after the judgment is signed. *Id.* Her attempt to perfect a restricted appeal was untimely and does not confer jurisdiction on this court. The procedure to extend timetables due to lack of notice does not apply to restricted appeals. Tex. R. App. P. 4.2(a)(2).

Appellant is not without recourse, however. A bill of review may be filed in the trial court to attempt to set aside the judgment. *See* Tex. R. App. P. 329b(f); *Cannon v. ICO Tubular Servs., Inc.*, 905 S.W.2d 380, 384 (Tex. App.—Houston [1st Dist.] 1995, no writ) (bill of review is equitable action brought by party to former action seeking to set aside judgment that is not appealable or subject to motion for new trial).[3]

---

[3] Appellant's filing seems to allege that there was some form of misrepresentation that the judgment was agreed when it was not. *See In re A. L. H. C.*, 49 S.W.3d 911, 915-16 (Tex. App.—Dallas 2001, no pet.) (bill of review relief available only if party pleads and proves a meritorious defense that she was prevented from making by fraud or wrongful act of opponent, unmixed with any fault or negligence of her own).

Appellant has filed no timely perfecting instrument.  Accordingly, we dismiss the appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3(b).

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Dismissed for Want of Jurisdiction

Filed:   March 31, 2005