**DICK POE MOTORS, INC., Appellant,**

v.

**DAIMLERCHRYSLER CORPORATION f/k/a Chrysler Corporation, Appellee.**

**No. 08–04–00080–CV.**

Court of Appeals of Texas, El Paso.

July 28, 2005.

---

Mark C. Walker, Mounce, Green, Myers, Safi & Galatzan, El Paso, for Appellant.

Carlos Rincon, Delgado, Acosta, Braden & Jones, P.C., El Paso, for Appellee.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal from the trial court's entry of an agreed order of dismissal entered by the trial court on December 1, 2003 and the denial of a motion for clarification dated February 17, 2004. On the court's own motion, we dismiss this appeal for the reason that the order appealed from is not a final appealable order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The original lawsuit in this case arose as a result of a tragic automobile accident where the plaintiff, Jennifer Ann Lee, as mother of Alyssa Catlin Lee, deceased, brought suit against various corporate defendants, DaimlerChrysler Corporation, formerly known as Chrysler Corporation ("Chrysler"), TRW, Inc. ("TRW"), and Dick Poe Motors ("Dick Poe"), doing business as Dick Poe Chrysler Plymouth. Dick Poe filed a cross-action against Chrysler and TRW. The underlying personal injury claims against each corporate defendant were ultimately settled and various orders of dismissal were entered disposing of portions of the lawsuit. The trial court signed an agreed order of dismissal on December 1, 2003 which disposed of the claims between the plaintiff and Chrysler. The pertinent part of the order was worded as follows:

On the date hereinafter shown, came on to be heard the Motion by JENNIFER ANN LEE, Individually, as Independent Administratrix of the ESTATE OF ALYSSA CATLIN LEE, a Minor, Deceased, and on Behalf of All Wrongful Death Beneficiaries of ALYSSA CATLIN LEE, a Minor, Deceased, Plaintiff, and DAIMLERCHRYSLER CORPORATION, f/k/a CHRYSLER CORPORATION, Defendants, to dismiss any and all claims by and between them in their entirety with prejudice with each party to bear its own attorneys fees and costs for the reason that all matters in dispute between them have been fully and finally settled.

IT IS, THEREFORE, ORDERED that any and all counter-claims, cross-claims, and any and all other claims of any type whatsoever by and between the parties herein are dismissed in their entirety with prejudice with each party to bear its own attorneys fees and costs.

SIGNED this 1 day of Dec [sic], 2003.

/s/ Luis Aguilar

JUDGE LUIS AGUILAR

The order was signed, approved as to form, by Evelina Ortega, attorney for the plaintiff, and Patrick Seyferth, attorney for Chrysler, only.

A dispute among the parties arose over the effect of the December 1 order and Dick Poe filed a "Motion for Clarification Regarding Order of Dismissal Between Plaintiff and Daimlerchrysler Corporation," specifically questioning the effect of the agreed order of dismissal signed by the court on December 1, 2003. On February 17, 2004, the trial court held a hearing and entered an order that stated the following:

IT IS ORDERED that Dick Poe Motor, [sic] Inc.'s Motion for Clarification is hereby denied on the basis that Dick Poe Motor, [sic] Inc. abandoned or waived its cross-claims against Defen-

dants DaimlerChrysler Corporation and TRW, Inc.

SIGNED on this 17 day of Feb, 2004.

/s/ Luis Aguilar

Judge Presiding

On March 18, 2004, Dick Poe filed its notice of appeal, asking this Court to determine whether the orders of December 1, 2003 and February 17, 2004 provided a final appealable order for purposes of appeal. We filed this notice of appeal under cause number 08–04–00080–CV.[1] After a review of the appellate record, we hold that they do not.

## II. *ORDER ON APPEAL*

 Unless otherwise statutorily authorized, an appeal may be taken only from a final judgment or order. Tex. Civ. Prac. & Rem.Code Ann. §§ 51.012, 51.014 (Vernon 1997 & Supp.2004–05). A judgment or order is final for purposes of appeal if it disposes of all parties and all issues in the record so that no further action is required by the trial court, except as necessary to carry out the decree. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001). Absent a conventional trial on the merits, a judgment is final "if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Id.* at 192–93. The law does not require that a final judgment be in any particular form. *Id.* at 195. The language of an order or judgment can make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties. *Id.* at 200. If the intent to finally dispose of the case is clear, "then the order is final and appealable, even though the record does not provide an adequate basis for rendition of judgment." *Id.* Granting more relief than necessary makes the order reversible but not interlocutory. *Id.* at 204. However, in *Lehmann*, the court conceded that to determine whether an order disposes of all pending claims and parties, an appellate court may also look to the record from the court below. *Id.* at 205–06. Therefore, whether a decree is a final judgment must be determined from its language and the record in the case. *Id.* at 195.

The orders at issue here are confusing and imprecise in the wording contained therein. We note that the December 1, 2003 order specifically is limited to the parties identified in the introductory paragraph, the movant, Jennifer Ann Lee, Individually as Independent Administratrix of the Estate of Alyssa Catlin Lee, a Minor, Deceased, and on Behalf of All Wrongful Death Beneficiaries of Alyssa Catlin Lee, a Minor, Deceased, Plaintiff, and DaimlerChrysler Corporation, f/k/a Chrysler Corporation, Defendant, only. No other parties to the underlying lawsuit are referenced. The agreed order of dismissal purports to "dismiss any and all claims by and between them [emphasis added] in their entirety with prejudice . . . for the reason that all matters in dispute between them [emphasis added] have been fully and finally settled. IT IS, THEREFORE, ORDERED that any and all counter-claims, cross-claims, and any and all other claims of any type whatsoever by and between the parties herein [emphasis added] are dismissed . . . with prejudice . . . ." As noted previously, the only signatories to the agreement are the attorneys for the parties named above. We hold, as a matter of law, that this order does not

---

1. The parties continued to file various documents in the underlying case which resulted in additional orders. Appellant Dick Poe filed a second notice of appeal from these orders which resulted in a companion case before us, filed under cause number 08–04–00182–CV.

dispose of any claims brought by other parties to this litigation. The plain language contained therein cannot be construed to have intended to include any claims between any other parties in the lawsuit.

■ Similarly, the trial court's order of February 17, 2004, clarifying the December 1, 2003 order, cannot be a final, appealable order for purposes of appeal. The February 17 order on its face, denies Dick Poe's motion for clarification for the reason that Dick Poe has abandoned or waived its cross-claims against Chrysler and TRW. Nothing in the order dismisses or adjudicates any claim. On its face, it is not a final appealable order because it did not adjudicate all the claims before the trial court. We hold that the order is interlocutory and does not constitute a final and appealable judgment. *See, e.g., Luster v. Atkins, Harris, & Brown, L.L.C.,* No. 01–03–01108–CV, 2005 WL 267666, at *2 (Tex.App.-Houston [1st Dist.] Feb. 3, 2005, no pet. h.).

Pursuant to TEX.R.APP. P. 43.2, on its own motion, this Court dismisses this appeal.