NUMBER 13-05-502-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

__________________________________________________________________

 

LARRY COLLUMNS, ET AL.,                                     Appellants,

 

                                           v.

 

H. B. FULLER COMPANY, ET AL.,                               Appellees.

__________________________________________________________________

 

                  On appeal from the 319th
District Court

                           of Nueces
County, Texas.

__________________________________________________________________

 

                     MEMORANDUM OPINION

 

                Before Justices
Hinojosa, Yañez, and Garza

                       Memorandum Opinion Per
Curiam

 

This is an appeal
from the trial court=s AOrder Granting Defendants= Unopposed Motion to Dismiss All Cross Actions.@  We dismiss
the appeal for want of jurisdiction.  








Unless otherwise
statutorily authorized, an appeal may be taken only from a final judgment or
order.  Tex.
Civ. Prac. & Rem. Code Ann. '' 51.012, 51.014 (Vernon 1997 & Supp. 2004‑05).  A judgment or order is final for purposes of
appeal if it disposes of all parties and all issues in the record so that no
further action is required by the trial court, except as necessary to carry out
the decree.  Lehmann v. Har‑Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001). 
Absent a conventional trial on the merits, a judgment is final Aif and only if either it actually disposes of all
claims and parties then before the court, regardless of its language, or it states
with unmistakable clarity that it is a final judgment as to all claims and all
parties."  Id. at 192‑93.  The law does not require that a final
judgment be in any particular form. Id. at 195.  The language of an order or judgment can make
it final, even though it should have been interlocutory, if that language
expressly disposes of all claims and all parties.  Id. at 200.  If the intent to finally dispose of the case
is clear, "then the order is final and appealable, even though the record
does not provide an adequate basis for rendition of judgment."  Id. 
In determining whether an order disposes of all pending claims and
parties, an appellate court may also look to the record from the court
below.  Id. at 205‑06.  Therefore, whether an order or decree is a
final judgment must be determined from its language and the record in the
case.  Id. at 195; Dick Poe
Motors, Inc. v. DaimlerChrysler Corp., 169 S.W.3d 507, 510 (Tex. App.BEl Paso 2005, no pet.).








The order at issue
in the instant case neither disposes of all parties and all issues in the case,
nor does it state with unmistakable clarity that it is a final judgment.  Lehmann, 39 S.W.3d at 192-93.  The order at issue merely grants defendant
Saint-Gobain=s unopposed motion to dismiss all cross-actions filed
against it and relating to the claims of the plaintiffs and orders these
cross-actions to be dismissed without prejudice.  On its face, it is not a final appealable
order because it did not adjudicate all the claims before the trial court.  Id. 


On March 9, 2006,
the Clerk of this Court notified appellants that the judgment appeared
interlocutory and that the appeal would be dismissed if the defects were not corrected.  To date, appellants have failed to respond to
this Court=s notice.

Pursuant to TEX.
R. APP. P. 43.2, on its own motion, this Court dismisses this appeal.

PER CURIAM

 

Memorandum Opinion
delivered and filed this

the 6th
day of April, 2006.