COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS







IN RE: LETICIA SALAS,


 Relator.


§


 


§


 


§


 


§


 


§


 


 § 



No. 08-06-00307-CV



AN ORIGINAL PROCEEDING IN


MANDAMUS



O P I N I O N


 Relator Leticia Salas seeks a writ of mandamus directing Respondent the Honorable Mary
Anne Bramblett of the 41st District Court of El Paso County, Texas to vacate an order denying
Relator's motion for interpretation and to exercise jurisdiction over her case. For the reasons that
follow, we deny mandamus relief.

FACTUAL AND PROCEDURAL BACKGROUND


 The original suit in this case was the result of an automobile accident involving Irma Marie
Lopez, Hector Escobar, and Relator. Relator was insured against damage caused by an uninsured
driver by the Real Party in Interest, State Farm Mutual Automobile Insurance Company (the Real
Party in Interest will be referred to as "State Farm"). Lopez was similarly insured by USAA County
Mutual Insurance Company ("USAA"). Relator and Lopez filed a single suit against State Farm,
USAA, and Escobar on January 29, 2004. (1) Relator and Lopez were represented by the same attorney
in the proceedings before the Respondent.

 In July 2004, Lopez settled her claim against USAA. Several months later, USAA's attorney
prepared a motion to dismiss and a proposed order of dismissal. Lopez and Relator's attorney
reviewed and signed both documents before they were presented to Respondent. The motion stated,
in its entirety:

 Come now the Plaintiffs and would show the Court that all matters in
controversy between the parties have been settled and compromised and that the
above case should be dismissed.


 WHEREFORE, premises considered, the Plaintiffs pray the Court to enter an
Order dismissing the above styled and numbered cause.


 On November 22, 2004, Respondent granted the motion to dismiss, in an order which was
filed in the district clerk's office on November 30, 2004. The dismissal order stated:

 On this the 22[nd] day of Nov[.] 2004, came on to be heard and considered the
Motion of the Plaintiffs to dismiss the above styled and numbered cause, and it
appearing to the Court that all matters in controversy have been settled and that the
above case should be dismissed.


 IT IS THEREFORE THE ORDER, JUDGMENT AND DECREE of the
Court that the above styled and numbered cause be and it is hereby dismissed with
prejudice, with each party to pay its own court costs.

 

(All emphases supplied).

 On June 7, 2006, Relator filed a "Motion for Interpretation of Dismissal Order" in the trial
court. She asserted that the dismissal order did not dispose of her claim against State Farm. She
argued that she had not settled with State Farm, that the order did not specifically reference her claim
against State Farm, and that neither the motion nor the order was signed by State Farm's attorney. 
Respondent entered an order ruling on the motion on September 28, 2006. The order stated, in
pertinent part:

 The Court, having reviewed the papers on file, finds that: 1) this case was previously
dismissed with prejudice; and 2) that the Court has lost plenary power and
jurisdiction over the matter.


 IT IS THEREFORE ORDERED that Plaintiff's "Motion to Interpret
Dismissal Order" be and the same is hereby overruled and denied for want of
jurisdiction.


 Relator requests that this Court issue a writ of mandamus directing Respondent to vacate the
September 28, 2006, order and exercise jurisdiction over her cause of action against State Farm. (2)

DISCUSSION

 In Texas, to be entitled to a writ of mandamus, the relator must establish that the trial court's
ruling was a clear abuse of discretion and that there is no other adequate remedy at law. Walker v.
Packer, 827 S.W.2d 833, 840 (Tex. 1992); In re Seigel, 198 S.W.3d 21, 26 (Tex. App.--El Paso
2006, orig. proceeding). A clear abuse of discretion warranting mandamus relief occurs when a
court issues a decision which is without basis or reference to guiding principles of law. Seigel, 198
S.W.3d at 26 (citing Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig.
proceeding)). With respect to resolution of factual issues or matters committed to the trial court's
discretion, the reviewing court may not substitute its judgment for that of the trial court. Walker, 827
S.W.2d at 839-40. The relator must therefore establish that the trial court could reasonably have
reached only one decision. Id.

 With respect to a trial court's determination of the legal principles controlling its ruling, the
standard is much less deferential. Id. at 840. A clear failure by the trial court to analyze or apply the
law correctly will constitute an abuse of discretion and may result in appellate reversal by
extraordinary writ. Id.

 An appellate court will deny mandamus relief if another remedy, usually appeal, is available
and adequate. In re Metro ROI, Inc., 203 S.W.3d 400, 403 (Tex. App.--El Paso 2006, orig.
proceeding) (citing Street v. Second Court of Appeals, 715 S.W.2d 638, 639-40 (Tex. 1986) (orig.
proceeding)).

 Relator contends that Respondent erred in her September 2006 ruling, when she determined
that her plenary power over the case had ended. Whether a court has jurisdiction over a particular
case is a question of law. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). A trial
court's plenary power over a case, absent certain exceptions not relevant here, ends thirty days after
the judgment is signed. (3) Tex. R. App. P. 26.1.

 The question in this case is whether the November 22, 2004, dismissal order was a final and
appealable judgment. A judgment or order is final for purposes of appeal if it disposes of all parties
and all issues in the record, so that no further action is required by the trial court, except as necessary
to carry out the appeal. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001); Dick Poe
Motors, Inc. v. DaimlerChrysler Corp., 169 S.W.3d 507, 510 (Tex. App.--El Paso 2005, no pet.).
Absent a conventional trial on the merits, a judgment is final, "if and only if either it actually
disposes of all claims and parties then before the court, regardless of its language, or it states with
unmistakable clarity that it is a final judgment as to all claims and all parties." Dick Poe Motors, 169
S.W.3d at 510 (quoting Lehmann, 39 S.W.3d at 192-93).

 The law does not require that a final judgment be in any particular form. Id. The language
of an order or judgment can make it final, even though it should have been interlocutory, if that
language expressly disposes of all claims and all parties. Id. In other words, if the intent to finally
dispose of the case is clear, "then the order is final and appealable, even though the record does not
provide an adequate basis for rendition of judgment." Id. (quoting Lehmann, 39 S.W.3d at 200). 
In a case where the record as a whole does not afford a legal basis for final adjudication, the order
must be appealed and reversed. Lehmann, 39 S.W.3d at 206; Fresh Coat, Inc. v. Life Forms, Inc.,
125 S.W.3d 765, 768 (Tex. App.--Houston [1st Dist.] 2003, no pet.). Whether a decree is a final
judgment or order must be determined from its language and the record in the case. Dick Poe
Motors, 169 S.W.3d at 510 (citing Lehmann, 39 S.W.3d at 195).

 The text of the dismissal order herein indicates the court's intent that it be final and
appealable. Relator's claim against State Farm was included in the same petition, case style, and
cause number as Lopez's claim against USAA. There is no evidence in the record to show that the
Respondent had any knowledge that the settlement agreement was limited to Lopez and USAA at
the time the parties filed for dismissal. The record does show that the language of the motion to
dismiss, as approved by Relator's attorney, indicated that "the parties," not just Lopez and USAA,
had settled "all matters in controversy." The language of the order mirrors that of the motion to
dismiss. The Respondent dismissed, not a single claim or specific parties, but the entire "above
styled and numbered cause," noting that "all matters in controversy" had been settled. This language
is clear evidence of the Respondent's intention that the dismissal order be final (4) under the Lehmann
standard. (5)

 Assuming arguendo that the Respondent's intentions were uncertain, based on the language
above, the Texas Supreme Court has also afforded us the option to abate the appeal to permit the trial
court to clarify the order or judgment. See Lehmann, 39 S.W.3d at 206 (citing Tex. R. App. P. 27.2). 
There is no need to do so in this case, as the Respondent further clarified her intent for the dismissal
order to be final and appealable in her September 2006 order. The order stated "1) this case was
previously dismissed with prejudice; and 2) . . . the Court has lost plenary power and jurisdiction
over the matter." Therefore, in addition to the language of the order itself, the record indicates that
the Respondent clearly and unequivocally expressed her intent to dispose of all parties and claims
in the dismissal order.

 Relator argues that the record does not provide a basis for the finality of the dismissal order,
because her attorney did not intend to seek dismissal of her case against State Farm. She also argues
it was not USAA's intention to seek the dismissal of Relator's claim in the preparation and signing
of the motion and order of dismissal. While the parties may not have intended to dispose of
Relator's claim, the Lehmann standard instructs the reviewing court to focus on the intent of the trial
court in determining the finality of an order. See Lehmann, 39 S.W.3d at 206 ("But if the language
of the order is clear and unequivocal, it must be given effect despite any other indications that one
or more parties did not intend for the judgment to be final."). In addition, an order expressly
disposing of the entire case is not made interlocutory "merely because the record fails to show an
adequate motion or other legal basis for the disposition." Id. Therefore, even if we were to assume
that the basis for the dismissal was inadequate, because the parties did not intend for the Respondent
to dismiss the Relator's claim, it would not change the finality of the order under Lehmann.

 Because we conclude that the dismissal order was a final judgment under Lehmann, the
Respondent did not abuse her discretion by determining that her plenary power over the case ended
before Relator's motion to interpret was filed. See Tex. R. App. P. 26.1. Mandamus relief will not
lie without a clear abuse of discretion. Seigel, 198 S.W.3d at 26. Therefore, we deny Relator's
petition for writ of mandamus.


 KENNETH R. CARR, Justice


May 17, 2007


Before Chew, C.J., Carr, J., and Barajas, C.J. (Ret.)

Barajas, C.J. (Ret.), sitting by assignment

1. Lopez non-suited Escobar on July 12, 2004. Although the record is unclear as to the status of Relator's claim
against Escobar at that time, he is not a party to this action.
2. Relator filed this proceeding in conjunction with a regular appeal styled Leticia Salas v. State Farm Mutual
Automobile Insurance Company, Cause No. 08-06-00256-CV. In a contemporaneous opinion, the Court is dismissing
the appeal for lack of jurisdiction.
3. Salas did not file any post-judgment motion(s) with the trial court which would have extended the deadline
for her to perfect her appeal. See Tex. R. App. P. 26.1(a).
4. There is evidence that Relator herself actually interpreted the dismissal order as disposing of her claim against
State Farm. Following the dismissal order, she filed an entirely new lawsuit against State Farm. Only after State Farm
moved for summary judgment in the second suit contending Salas's claim was barred by claim preclusion due to the
finality of the dismissal order did Salas file her motion for interpretation of the original dismissal order.
5. Relator cites three post-Lehmann cases in support of her petition: Guajardo v. Conwell, 46 S.W.3d 862 (Tex.
2001); First Nat'l Bank v. Martinez De Villagomez, 54 S.W.3d 345 (Tex. App.--Corpus Christi 2001, pet. denied); and
Flores v. Sandoval, No. 01-02-01197-CV, 2004 WL 966328 (Tex. App.--Houston [1st Dist.] May 6, 2004, no pet.)
(mem. op.). All three cases are distinguishable from the dismissal order in this case. The judgments in all three cases
relied heavily on the familiar, but no longer effective, "Mother Hubbard" clause ("all relief not expressly granted herein
is denied") as evidence of finality. See Conwell, 46 S.W.3d at 863-64; Martinez De Villagomez, 54 S.W.3d at 347-48;
Sandoval, 2004 WL 966328, at *1-2. The dismissal order in this case did not contain a traditional "Mother Hubbard"
clause. The cases cited are also distinguishable because of the procedural posture of the parties. Conwell was an appeal
from a summary judgment which the Supreme Court determined was interlocutory, because an intervenor's claim for
attorney's fees was not disposed of by the summary judgment order. Conwell, 46 S.W.3d at 864. Martinez De
Villagomez was an appeal from a default judgment which the appellate court determined was interlocutory, because it
was not a final adjudication of the third-party defendant's claims against the defendant in the case. Martinez De
Villagomez, 54 S.W.3d at 348. In Sandoval, the appellate court determined that an agreed judgment order was
interlocutory, because the language indicated finality only as to the parties to the settlement, which did not include an
intervening party's claim for attorney's fees. Sandoval, 2004 WL 966328, at *2. In Relator's case, there were no
intervenors or third-party defendants whose claims were not disposed of by the dismissal order.