COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



LETICIA SALAS,


 Appellant,


v.


STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00256-CV
 


Appeal from the


41st District Court 


of El Paso County, Texas 


(TC# 2004-442) 



O P I N I O N


 This is an appeal from an order of dismissal entered November 22, 2004, and the trial court's
subsequent denial of a motion for clarification on September 28, 2006. For the reasons that follow,
we dismiss the appeal for lack of jurisdiction.

FACTUAL AND PROCEDURAL BACKGROUND

 The original suit in this case was the result of an automobile accident involving Irma Marie
Lopez, Hector Escobar, and Appellant Leticia Salas. Salas was insured against damage caused by
an uninsured driver by Appellee State Farm Mutual Automobile Insurance Company ("State Farm"). 
Lopez was similarly insured by USAA County Mutual Insurance Company ("USAA"). Salas and
Lopez filed a single suit against State Farm, USAA, and Escobar on January 29, 2004. (1) Salas and
Lopez were represented by the same attorney in the proceedings before the trial court.

 In July 2004, Lopez settled her claim against USAA. Several months later, USAA's attorney
prepared a motion to dismiss and a proposed order of dismissal. Salas and Lopez's attorney
reviewed and signed the motion to dismiss and signified his written agreement to the proposed order
of dismissal, before the documents were presented to the trial court. The motion stated, in its
entirety:

 Come now the Plaintiffs and would show the Court that all matters in
controversy between the parties have been settled and compromised and that the
above case should be dismissed.


 WHEREFORE, premises considered, the Plaintiffs pray the Court to enter an
Order dismissing the above styled and numbered cause.


 On November 22, 2004, the trial court granted the motion to dismiss, in an order which was
filed in the district clerk's office on November 30, 2004. The dismissal order stated:

 On this the 22[nd] day of Nov[.] 2004, came on to be heard and considered the
Motion of the Plaintiffs to dismiss the above styled and numbered cause, and it
appearing to the Court that all matters in controversy have been settled and that the
above case should be dismissed.


 IT IS THEREFORE THE ORDER, JUDGMENT AND DECREE of the
Court that the above styled and numbered cause be and it is hereby dismissed with
prejudice, with each party to pay its own court costs.


(All emphases supplied).

 On June 7, 2006, Salas filed a "Motion for Interpretation of Dismissal Order" in the trial
court. She asserted that the dismissal order was not final as to her claim against State Farm. She
argued there was no settlement agreement with State Farm, that the order did not specifically
reference her claim against State Farm, and that neither the motion nor the order was signed by State
Farm's attorney. The trial court entered an order ruling on the motion on September 28, 2006. The
order stated, in pertinent part:

 The Court, having reviewed the papers on file, finds that: 1) this case was previously
dismissed with prejudice; and 2) that the Court has lost plenary power and
jurisdiction over the matter.


 IT IS THEREFORE ORDERED that Plaintiff's "Motion to Interpret
Dismissal Order" be and the same is hereby overruled and denied for want of
jurisdiction.


 Salas filed her notice of appeal on October 2, 2006. In her sole issue for review, Salas asks
this Court to determine whether the November 22, 2004, dismissal order was a final and appealable
order with regard to her claim against State Farm. (2) Salas argues that the dismissal was effective only
as to Lopez's claim against USAA and was not a final adjudication of her claim against State Farm. 
She continues that there was no final appealable judgment until the trial court's clarification order
on September 28, 2006. State Farm argues that the November 22, 2004, dismissal was a final
judgment and that we must therefore dismiss this appeal for lack of jurisdiction.

DISCUSSION

 Whether a notice of appeal is timely filed in this Court is a jurisdictional issue. In re K.L.V.,
109 S.W.3d 61, 67 (Tex. App.--Fort Worth 2003, pet. denied) (citing Verburgt v. Dorner, 959
S.W.2d 615, 617 (Tex. 1997)). It is our duty to inquire into our own jurisdiction, even if we must
do so sua sponte. Juarez v. Texas Ass'n of Sporting Officials, El Paso Chapter, 172 S.W.3d 274,
278 (Tex. App.--El Paso 2005, no pet.). Absent a timely filed notice of appeal, we must dismiss an
appeal for lack of jurisdiction. K.L.V., 109 S.W.3d at 67. In order to determine whether Salas timely
filed her notice of appeal, we must determine whether the November 22, 2004, dismissal order was
final and appealable.

 A judgment or order is final for purposes of appeal, if it disposes of all parties and all issues
in the record, so that no further action is required by the trial court, except as is necessary to carry
out the appeal. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001); Dick Poe Motors, Inc.
v. DaimlerChrysler Corp., 169 S.W.3d 507, 510 (Tex. App.--El Paso 2005, no pet.). Absent a
conventional trial on the merits, a judgment is final, "'if and only if either it actually disposes of all
claims and parties then before the court, regardless of its language, or it states with unmistakable
clarity that it is a final judgment as to all claims and all parties.'" Dick Poe Motors, 169 S.W.3d at
510 (quoting Lehmann, 39 S.W.3d at 192-93).

 The law does not require that a final judgment be in any particular form. Id. The language
of an order or judgment can make it final, even though it should have been interlocutory, if that
language expressly disposes of all claims and all parties. Id. In other words, if the intent to finally
dispose of the case is clear, "then the order is final and appealable, even though the record does not
provide an adequate basis for rendition of judgment." Id. (quoting Lehmann, 39 S.W.3d at 200). 
In a case where the record as a whole does not afford a legal basis for final adjudication, the order
must be appealed and reversed. Lehmann, 39 S.W.3d at 206; Fresh Coat, Inc. v. Life Forms, Inc.,
125 S.W.3d 765, 768 (Tex. App.--Houston [1st Dist.] 2003, no pet.). Whether a decree is a final
judgment or order must be determined from its language and the record in the case. Dick Poe
Motors, 169 S.W.3d at 510 (citing Lehmann, 39 S.W.3d at 195).

 The text of the dismissal order herein indicates the court's intent that it be final and
appealable. Salas's claim against State Farm was included in the same petition, case style, and cause
number as Lopez's claim against USAA. There is no evidence in the record to show that the trial
court had any knowledge that the settlement agreement was limited to Lopez and USAA at the time
the parties filed for dismissal. The record does show that the language of the motion to dismiss, as
approved by Salas's attorney, indicated that the "parties," not just Lopez and USAA, had settled "all
matters in controversy." The language of the order mirrors that of the motion to dismiss. The trial
court dismissed, not a single claim or specific parties, but the entire "above styled and numbered
cause," noting that "all matters in controversy" had been settled. This language is clear evidence of
the trial court's intention that the dismissal order be final (3) under the Lehmann standard. (4)

 Assuming arguendo that the trial court's intentions were uncertain, based on the language
above, the Texas Supreme Court has also afforded us the option to abate the appeal to permit the trial
court to clarify the order or judgment. See Lehmann, 39 S.W.3d at 206 (citing Tex. R. App. P. 27.2). 
There is no need to do so in this case, as the trial court further clarified its intent for the dismissal
order to be final and appealable in its September 2006 order. The order stated "1) this case was
previously dismissed with prejudice; and 2) . . . the Court has lost plenary power and jurisdiction
over the matter." Therefore, in addition to the language of the order itself, the record indicates that
the trial court clearly and unequivocally expressed its intent to dispose of all parties and claims in
the dismissal order.

 Salas argues that the record does not provide a basis for the finality of the dismissal order,
because her attorney did not intend to seek dismissal of her case against State Farm. She also argues
it was not USAA's intention to seek the dismissal of Salas's claim in the preparation and signing of
the motion and order of dismissal. While the parties may not have intended to dispose of Salas's
claim, the Lehmann standard instructs the reviewing court to focus on the intent of the trial court
in determining the finality of an order. See Lehmann, 39 S.W.3d at 206 ("But if the language of the
order is clear and unequivocal, it must be given effect despite any other indications that one or more
parties did not intend for the judgment to be final."). In addition, an order expressly disposing of the
entire case is not made interlocutory "merely because the record fails to show an adequate motion
or other legal basis for the disposition." Id. Therefore, even if we were to assume that the basis for
the dismissal was inadequate, because the parties did not intend for the trial court to dismiss Salas's
claim, it would not change the finality of the order under Lehmann.

 As the dismissal order was a final and appealable judgment, the trial court's signature started
the appellate timetables. See In re Bennett, 960 S.W.2d 35, 38 (Tex. 1997). Salas did not file her
notice of appeal within thirty days after the dismissal order was signed, nor did she file any post-judgment motion(s) which might have excepted her from the thirty-day rule. See Tex. R. App. P.
26.1. The trial court signed the order of dismissal in November 2004. A trial court's plenary power
over a case, absent certain exceptions not relevant here, ends thirty days after the judgment is signed. 
Id. Salas, however, did not file her notice of appeal until October 2, 2006, nearly two years after the
dismissal order was signed. Since her notice of appeal was untimely, we must dismiss this appeal
for lack of jurisdiction. K.L.V., 109 S.W.3d at 67.


 KENNETH R. CARR, Justice


May 17, 2007


Before Chew, C.J., Carr, J., and Barajas, C.J. (Ret.)

Barajas, C.J. (Ret.), sitting by assignment

1. Lopez non-suited Escobar on July 12, 2004. Although the record is unclear as to the status of Salas's claim
against Escobar at that time, he is not a party to this appeal.
2. Salas filed this appeal in conjunction with a mandamus proceeding styled In re: Leticia Salas, Cause No. 08-06-00307-CV. In a contemporaneous opinion, the petition for writ of mandamus is being denied.
3. There is evidence that Salas herself actually interpreted the dismissal order as disposing of her claim against
State Farm. Following the dismissal order, she filed an entirely new lawsuit against State Farm. Only after State Farm
moved for summary judgment in the second suit contending Salas's claim was barred by claim preclusion due to the
finality of the dismissal order did Salas file her motion for interpretation of the original dismissal order.
4. Salas cites three post-Lehmann cases in support of her position: Guajardo v. Conwell, 46 S.W.3d 862 (Tex.
2001); First Nat'l Bank v. Martinez De Villagomez, 54 S.W.3d 345 (Tex. App.--Corpus Christi 2001, pet. denied); and
Flores v. Sandoval, No. 01-02-01197-CV, 2004 WL 966328 (Tex. App.--Houston [1st Dist.] May 6, 2004, no pet.)
(mem. op.). All three cases are distinguishable from the dismissal order in this case. The judgments in all three cases
relied heavily on the familiar, but no longer effective, "Mother Hubbard" clause ("all relief not expressly granted herein
is denied") as evidence of finality. See Conwell, 46 S.W.3d at 863-64; Martinez De Villagomez, 54 S.W.3d at 347-48;
Sandoval, 2004 WL 966328, at *1-2. The dismissal order in this case did not contain a traditional "Mother Hubbard"
clause. The cases cited are also distinguishable because of the procedural posture of the parties. Conwell was an appeal
from a summary judgment which the Supreme Court determined was interlocutory, because an intervenor's claim for
attorney's fees was not disposed of by the summary judgment order. Conwell, 46 S.W.3d at 864. Martinez De
Villagomez was an appeal from a default judgment which the appellate court determined was interlocutory, because it
was not a final adjudication of the third-party defendant's claims against the defendant in the case. Martinez De
Villagomez, 54 S.W.3d at 348. In Sandoval, the appellate court determined that an agreed judgment order was
interlocutory, because the language indicated finality only as to the parties to the settlement, which did not include an
intervening party's claim for attorney's fees. Sandoval, 2004 WL 966328, at *2. In Salas's case, there were no
intervenors or third-party defendants whose claims were not disposed of by the dismissal order.