**Opinion issued May 11, 2021.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00735-CV

_____

**CONNIE AL-ABADY, Appellant**

**V.**

**HIGHLAND VILLAGE LP, HIGHLAND VILLAGE GP, LLC, AND FAIRFAX MANAGEMENT, Appellees**

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-25425**

---

## MEMORANDUM OPINION

Appellant Connie Al-Abady attempts to appeal from a judgment signed on August 27, 2019. Appellees moved to dismiss the appeal, claiming that this court lacks jurisdiction because the notice of appeal was not timely filed. Al-Abady did

not file a response to appellees' motion but addressed jurisdiction in her brief. We dismiss the appeal.

## Background

Al-Abady sued Highland Village Holding, Inc., Highland Village Limited Partnership, Ambius, Restoration Hardware, Inc., Highland Village GP, LLC, and Fairfax Management for damages she incurred when she fell on the sidewalk in front of Restoration Hardware in Highland Village Shopping Center. On June 27, 2018, the trial court dismissed Ambius from the lawsuit based on a settlement agreement between the parties. On September 7, 2018, the trial court granted summary judgment in favor of Restoration Hardware, Inc. On the same day, the trial court granted the traditional and no-evidence summary judgment motions of Highland Village Holding, Inc. On October 31, 2018, the trial court severed Al-Abady's claims against Restoration Hardware and against Highland Village Holdings, Inc. into separate causes of action. This left pending only Al-Abady's claims against appellees Highland Village Limited Partnership, Highland Village GP, LLC, and Fairfax Management ("Highland Village entities" and "Fairfax").

In November 2018, Al-Abady moved for default judgment and the Highland Village entities and Fairfax filed a special appearance and motion to quash due to defective service of process. On May 9, 2019, the trial court signed a Rule 122 order, ruling that service on the Highland Village entities and Fairfax was

2

defective, granting their motion to quash, and ordering them to file an answer within twenty days. The Highland Village entities and Fairfax moved for traditional summary judgment in June 2019, contending that Al-Abady's personal injury claims against them were barred by limitations because of the failure to serve them. On July 15, 2019, the trial court granted summary judgment in favor of the Highland Village entities and Fairfax.

Because the July 15, 2019 order did not state that it was a final judgment, the Highland Village and Fairfax entities filed a motion on July 24, 2019, asking the trial court to acknowledge that the July 15, 2019 order was the final judgment. On August 27, 2019, the trial court signed a "Final Judgment" stating that it had signed an order on July 15, 2019, "which disposed of the remaining claims in the above lawsuit." The judgment also stated that it was final and appealable. Al-Abady filed a notice of appeal on September 30, 2019, in which she stated that she never received notice of the trial court's judgment signed on August 27, 2019 and stated that she "request[s] leave to file out of time."

**Analysis**

In their motion to dismiss, appellees contend that the July 15, 2019 order was the final judgment because it adjudicated the last remaining parties and claims in the lawsuit, and Al-Abady's notice of appeal filed on September 30, 2019 was untimely. No post-judgment motions were filed.

3

If no motion for new trial or other post-judgment motion is filed, a notice of appeal must be filed within thirty days after the final judgment is signed. TEX. R. APP. P. 26.1. "A judgment that finally disposes of all remaining parties and claims, based on the record in the case, is final, regardless of its language." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). "Thus, if a court has dismissed all of the claims in a case but one, an order determining the last claim is final." *Id.* Therefore, the language of the order does not make it interlocutory when the record shows that it is a final disposition. *See id.*

Here, the July 15, 2019 order disposed of the last remaining parties and claims in the lawsuit. Claims against Ambius, Highland Village Holding, and Restoration Hardware had been adjudicated or severed, leaving pending only the claims against the two remaining Highland Village entities and Fairfax. The trial court granted the motion for summary judgment of these remaining parties on July 15, 2019, in an order that contained no finality language. Nonetheless, this order was a final judgment because it adjudicated all remaining parties and claims. *See Lehmann*, 39 S.W.3d at 200 ("A judgment that finally disposes of all remaining parties and claims, based on the record in the case, is final, regardless of its language.").

Al-Abady did not respond to appellees' motion to dismiss. The statement of issues in her appellate brief lists an issue concerning the timeliness of her notice of

appeal. But a review of the body of her brief reveals that she did not address this jurisdictional issue and offered no citation to authority or to the record concerning the jurisdictional issue.

Because the July 15, 2019 order adjudicated all remaining parties and claims, it was the final judgment, and although the trial court issued a subsequent order on August 27, 2019, the trial court's plenary power had expired thirty days after the July 15, 2019 final judgment was signed. *See Lane Bank Equip. Co. v. Smith So. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000); *see also* TEX. R. CIV. P. 329b(d) (trial court's plenary power expires after 30 days). "Judicial action taken after the trial court's plenary power has expired is void and a nullity." *Moore Landrey, L.L.P. v. Hirsch & Westheimer, P.C.*, 126 S.W.3d 536, 543 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (citing *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998). Therefore, the trial court's August 27, 2019 order, signed more than thirty days after the final judgment, was void.

Al-Abady's notice of appeal, filed on September 30, 2019, was filed more than thirty days after the July 15, 2019 judgment was signed and thus was not timely filed. *See Fresh Coat, Inc. v. Life Forms, Inc.*, 125 S.W.3d 765, 768 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *see also* TEX. R. APP. P. 26.1. Al-Abady stated in her notice of appeal that she did not receive notice of the August 27, 2019 "Final Judgment," but she did not claim she lacked notice of the July 15, 2019

5

judgment. And even if she had not received notice, her remedy was to follow the procedure in Rule 306a. *See* TEX. R. CIV. P. 306a. The record does not indicate that Al-Abady followed this procedure, and therefore she is not permitted to file an out-of-time notice of appeal. *See Brown Mech. Servs., Inc. v. Mountbatten Sur. Co., Inc.*, 377 S.W.3d 40, 44 (Tex. App.—Houston [1st Dist.] 2012, no pet.). Absent a timely filed notice of appeal, Al-Abady has not invoked this court's jurisdiction and thus, we must dismiss. *See Gantt v. Gantt*, 208 S.W.3d 27, 30 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (stating an untimely appeal fails to invoke the jurisdiction of the appellate court).

We grant appellee's motion and dismiss the appeal. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Landau, and Hightower.